ACCEPTED
03-14-00808-CV
6243481
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/27/2015 5:28:11 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00808-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/27/2015 5:28:11 PM
JEFFREY D. KYLE
Clerk

_____

ROSENDO MORALES,
*Appellant*,

v.

TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS'
COMPENSATION AND COMMISSIONER RYAN BRANNAN,
IN HIS OFFICIAL CAPACITY,
*Appellees*.

_____

On Appeal from the 146th Judicial District Court, Cause No. 269,135-B;
before the Honorable Jack Weldon Jones

_____

**APPELLEES' BRIEF**

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | ADRIENNE BUTCHER<br>Assistant Attorney General<br>State Bar No. 24050363 |
| CHARLES E. ROY<br>First Assistant Attorney General | Administrative Law Division<br>OFFICE OF THE ATTORNEY GENERAL<br>P. O. Box 12548, Capitol Station |
| JAMES E. DAVIS<br>Deputy Attorney General for<br>Civil Litigation | Austin, Texas 78711-2548<br>Telephone: (512) 463-1410<br>Facsimile: (512) 320-0167<br>adrienne.butcher@texasattorneygeneral.gov |
| DAVID A. TALBOT, JR.<br>Chief, Administrative Law Division | *ATTORNEYS FOR APPELLEES* |

July 27, 2015                    ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Index of Authorities...............................................................................iv

Statement of the Case .......................................................................ix

Statement Regarding Oral Argument ...............................................x

Issue Presented ..................................................................................xi

Appellees' Brief..................................................................................1

Statement of Facts ............................................................................2

    I.      Regulatory Background .........................................................2

    II.    Morales's Complaints............................................................4

Summary of the Argument ................................................................6

Argument.............................................................................................8

    I.      Morales's Claim For Declaratory Relief Against the
           State Appellees is Barred by Sovereign Immunity. ...............9

           A.    The UDJA Does Not Waive Immunity For
                  Statutory-Interpretation Claims Against a State
                  Entity..........................................................................9

           B.    Labor Code Section 410.255 Does Not Waive
                  Sovereign Immunity.................................................15

           C.    Morales Failed to Plead a Proper *Ultra Vires*
                  Claim and Cannot Cure this Defect. ...........................16

           D.    Morales's "Need to Bind the Division" Argument
                  Lacks Merit. ..............................................................19

    II.    Morales Seeks An Impermissible Redundant Remedy
           Through His UDJA Action.................................................21

III.  Morales Seeks Impermissible Advisory Opinions. ............... 22

Prayer ...................................................................................... 24

Certificate of Compliance ...................................................... 26

Certificate of Service ............................................................. 26

# INDEX OF AUTHORITIES

## Cases

*Am. Motorists Ins. Co. v. Fodge,*
    63 S.W.3d 801 (Tex. 2001) ...............................................................2

*Andrade v. NAACP of Austin,*
    345 S.W.3d 1 (Tex. 2011)...............................................................18

*Bd. of Trs. of Galveston Wharves v. O'Rourke,*
    405 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2013, no pet.)....18

*Beeman v. Livingston,*
    No. 13-0867, 2015 WL 4072404 (Tex. June 26, 2015) ...............8, 18

*Cf. Combs v. Tex. Civil Rights Project,*
    410 S.W.3d 529 (Tex. App.—Austin 2013, pet. denied)...........16, 17

*City of El Paso v. Heinrich,*
    284 S.W.3d 366 (Tex. 2009)................................................... passim

*City of LaPorte v. Barfield,*
    898 S.W.2d 288 (Tex. 1995).........................................................14

*City of McKinney v. Hank's Restaurant Grp.,*
    412 S.W.3d 102 (Tex. App.—Dallas 2013, no pet.)..................10, 14

*Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,*
    19 S.W.3d 393 (Tex. 2000)........................................................14, 15

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality,*
    307 S.W.3d 505 (Tex. App.—Austin 2010, no pet.) .......................17

*DeLeon v. Royal Indem. Co.,*
    396 S.W.3d 597 (Tex. App.—Austin 2010, *rev'd on other grounds,*
    396 S.W.3d 527 (Tex. 2012).........................................................12

*Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n,*
 600 S.W.2d 264 (Tex. 1980)..............................................................10

*Harvel v. Texas Dep't of Ins., Div. of Workers' Comp.*, No. 13-14-00095-
 CV, 2015 WL 3637823 (Tex. App.—Corpus Christi June 11, 2015,
 no pet. h.) .............................................................................. x, 20, 22

*Houston Lighting & Power Co. v. Dickinson Indep. Sch. Dist.*,
 641 S.W.2d 302 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd
 n.r.e.)..................................................................................................19

*Huey v. Huey,*
 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.).........................19

*In re Crawford & Co.,*
 458 S.W.3d 920 (Tex. 2015) (per curiam) .......................................2

*In re Sw. Bell Tel. Co., L.P.,*
 235 S.W.3d 619 (Tex. 2007)..............................................................22

*Jackson v. State Office of Admin. Hr'gs,*
 351 S.W.3d 290 (Tex. 2011)..............................................................22

*Kupchynsky v. Nardiello,*
 230 S.W.3d 685 (Tex. App.—Dallas 2007, pet. denied)........... 18, 19

*MBM Fin. Corp. v. Woodlands Operating Co., L.P.*,
 292 S.W.3d 660 (Tex. 2009)..............................................................22

*Mid-Century Ins. Co. v. Tex. Workers' Comp. Comm'n,*
 187 S.W.3d 754 (Tex. App.—Austin 2006, no pet.) ................. 12, 13

*Nat'l Am. Ins. Co. v. Tex. Prop. & Cas. Ins. Guar. Ass'n,*
 No. 03-09-00680-CV, 2013 WL 4817637 (Tex. App.—Austin Aug.
 28, 2013, no pet.) (mem. op.) ...........................................................12

*Patel v. Tex. Dep't of Licensing & Reg.*,
No. 12-0657, 2015 WL 3982687
(Tex. June 26, 2015) ......................................................... 9, 10, 22

*Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*,
971 S.W.2d 439 (Tex. 1998) ........................................................ 23

*Prairie View A & M Univ. v. Chatha*,
381 S.W.3d 500 (Tex. 2012) ........................................................... 8

*Rusk State Hosp. v. Black*,
392 S.W.3d 88 (Tex. 2012) ............................................................. 8

*Short v. W.T. Carter & Bro.*,
126 S.W.2d 953 (Tex. 1938) ......................................................... 10

*Smith v. 241st Dist. Ct. of Smith Cnty.*,
No. 03-13-00719-CV, 2015 WL 1611703 (Tex. App.—Austin Apr. 9,
2015, no pet.) (mem. op.) ............................................................. 17

*SWEPI LP v. R.R. Comm'n*,
314 S.W.3d 253 (Tex. App.—Austin 2010, pet. denied) ................. 22

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) ........................................................... 8

*Tex. Comm'n of Licensing & Reg. v. Model Search Am., Inc.*,
953 S.W.2d 289 (Tex. App.—Austin 1997, no writ) ....................... 17

*Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*,
306 S.W.3d 256 (Tex. 2010) ......................................................... 11

*Tex. Dep't of State Health Servs. v. Balquinta*,
429 S.W.3d 726 (Tex. App.—Austin 2014, pet. dism'd) ................. 21

*Tex. Dep't of Transp. v. Sefzik*,
355 S.W.3d 618 (Tex. 2011) ................................................. 9, 12, 13

*Tex. Logos, L.P. v. Tex. Dep't of Transp.*,
     241 S.W.3d 105 (Tex. App.—Austin 2007, no pet.) ....................... 18

*Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman,*
     408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.) ...................... 21

*Tex. Dep't of Ins., Div. of Workers' Comp. v. Lumbermens Mut. Cas. Co.*,
     212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied)..... 10, 11, 12

*Tex. Lottery Comm'n v. First State Bank of DeQueen,*
     325 S.W.3d 628 (Tex. 2010).................................................. 13, 14

*Tex. Workers' Comp. Ins. Fund v. Tex. Workers' Comp. Comm'n*,
     124 S.W.3d 813 (Tex. App.—Austin 2003, pet. denied)................. 13

*Trinity Settlement Servs., LLC v. Tex. State Sec. Bd.*,
     417 S.W.3d 494 (Tex. App.—Austin 2013, pet. denied)........... 23, 24

*United States v. Morgan,*
     313 U.S. 409 (1941) .................................................................. 20

*Vanderwerff v. Tex. Dep't of Ins., Div. of Workers' Comp. et al.*,
     No. 05-15-00195-CV (Tex. App.—Dallas filed Feb. 17, 2015). ........ x

*VanderWerff v. Tex. Bd. of Chiropractic Exam'rs*,
     No. 03-12-00711-CV, 2014 WL 7466814 (Tex. App.—Austin Dec. 18,
     2014, no pet.) (mem. op.) ................................................. 7, 18, 24

## Statutes

Tex. Lab. Code Ann.
§ 402.001.................................................................3, 19
§ 408.142(a) .............................................................3, 4
§ 410.002.................................................................2, 3
§ 410.151(a) ................................................................3
§ 410.151(b) ................................................................3
§ 410.169.....................................................................3
§ 410.202(a) ................................................................3
§ 410.251.................................................3, 15, 20, 21
§ 410.254.................................................................3, 15
§ 410.255.................................................................6, 15
§ 410.255(a) ................................................................7
§ 410.301(a) .............................................................4, 7
§ 410.302(b) ................................................................3

Tex. Gov't Code Ann.
§ 311.034........................................................... passim
§ 2001.038.....................................................................9

Tex. Civ. Prac. & Rem. Code Ann.
§ 37.006(b) ..............................................................9, 14

## Rules

Tex. R. App. P. 38.1(i)..............................................18

## STATEMENT OF THE CASE

*Nature of the Case*: Morales appeals the trial court's grant of the State Appellees' plea to the jurisdiction. C.R. at 287.[1] In the proceedings below, Morales sought judicial review of the Division's administrative decision in a contested-case hearing between Morales and Texas Mutual Insurance Carrier ("TMIC") regarding Morales's benefits. He also sought declaratory judgment against the State Appellees and TMIC, which is not a party to this interlocutory appeal. C.R. at 49–52.

*Trial Court*: The Honorable Jack Weldon Jones, 146th Judicial District Court, Bell County, Texas.

*Course of Proceedings*: Morales brought his judicial review suit and declaratory judgment action against the State Appellees and TMIC. C.R. at 4, 47. The State Appellees filed a plea to the jurisdiction seeking dismissal from the case as defendants and further seeking dismissal of Morales's claims for declaratory relief. C.R. at 95. TMIC also filed a plea to the jurisdiction. C.R. at 141.

*Trial Court Disposition*: The trial court granted both pleas to the jurisdiction. C.R. at 287–88.

---

[1]  Citations to the Clerk's Record are designated as "C.R. at," followed by page number. Unless individually designated, the term "State Appellees" refers collectively to the Texas Department of Insurance, Division of Workers' Compensation (individually, the "Division") and Commissioner Brannan, in his official capacity (individually, the "Commissioner").

**STATEMENT REGARDING ORAL ARGUMENT**

The Thirteenth Court of Appeals recently decided the sole issue presented here in a nearly identical appeal, *Harvel v. Texas Department of Insurance, Division of Workers' Compensation*, No. 13-14-00095-CV, 2015 WL 3637823 (Tex. App.—Corpus Christi June 11, 2015, no pet. h.). *See* App. A. Harvel was represented by the same attorney now representing Morales and presented the same issue and legal arguments Morales now presents against the same State Appellees. After hearing oral argument, the *Harvel* court issued a memorandum opinion that it subsequently reissued as a published opinion, following the Division's motion based on the existence of this case and another similar case pending before the Fifth Court of Appeals, *Vanderwerff v. Texas Department of Insurance, Division of Workers' Compensation et al.*, No. 05-15-00195-CV (Tex. App.—Dallas filed Feb. 17, 2015).[2] *See* App. B (Appellant Vanderwerff's Brief reflecting nearly identical arguments).

Because *Harvel* and case law from both this Court and the Texas Supreme Court squarely address the sole issue Morales presents in this appeal, the Division does not believe oral argument is necessary to aid the Court in deciding Morales's

---

[2]     All cases state the same issue, and the respective appellants' briefing—all of whom were represented by the same counsel—is nearly identical, aside from minor edits and renumbered sub-issues. In fact, portions of Morales's Brief appear to have been recycled from the *Vanderwerff* brief, despite their inapplicability here. *See, e.g.*, Br. of Appellant 6 (erroneously stating that the State Appellees intervened in this case, which was the case in *Vanderwerff* but not here).

issue.   However, if the Court decides to hear argument, Appellees would welcome the opportunity to orally present their case to the Court.

## ISSUE PRESENTED

Morales sought judicial review of the Division's decision regarding his impairment rating in a workers' compensation benefits dispute with TMIC.   He also sought a declaration under the Uniform Declaratory Judgments Act ("UDJA") that *"spinal surgeries and the effects of such surgeries occurring prior to maximum medical improvement must be considered in assigning impairment ratings under the Texas Workers' Compensation Act and under the AMA Guides and that any impairment ratings that do not consider such surgeries are invalid."*   C.R. at 53.

**The issue in this interlocutory appeal is whether the trial court properly dismissed Morales's UDJA claim for lack of jurisdiction**.   Morales presents his sole issue in 18 sub-issues, many of which overlap.   In the interest of efficiency, the State Appellees will address Morales's arguments in three primary parts, arguing that Morales's claims against them: (1) are barred by sovereign immunity; (2) seek an impermissible redundant remedy; and (3) are unripe requests for advisory opinions.

NO. 03-14-00808-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

_____

ROSENDO MORALES,
*Appellant*,

v.

TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS'
COMPENSATION AND COMMISSIONER RYAN BRANNAN,
IN HIS OFFICIAL CAPACITY,
*Appellees*.

_____

On Appeal from the 146th Judicial District Court, Cause No. 269,135-B;
before the Honorable Jack Weldon Jones

_____

**APPELLEES' BRIEF**
_____

TO THE HONORABLE THIRD COURT OF APPEALS:

The State Appellees respectfully submit their brief in response to Morales's

Appellant's Brief. In support thereof, the State Appellees show as follows:

Texas law provides no general right to judicial review of executive action,

aside from constitutional claims. Underscoring that principle, the Texas Supreme

Court authorized the Legislature to waive the State's sovereign immunity, and the

Legislature in turn has required that the courts strictly construe statutory waivers.

When a statute does clearly and unambiguously authorize suit against the State, a

1

party invoking that waiver must properly plead it. Additionally, a person cannot unilaterally demand that a court opine on disputes that he or other unknown persons have (or one day may have) with the State.

Morales's claims run headlong into these jurisdictional obstacles. He contends that the UDJA waives the State's immunity for claims seeking a declaration of his rights under various statutes, but this Court, the Texas Supreme Court, and other Texas courts have already rejected that argument. The trial court, recognizing the jurisdictional obstacles, correctly dismissed Morales's claims for want of jurisdiction, and this Court should affirm.

## STATEMENT OF FACTS

### I. REGULATORY BACKGROUND

The Texas Workers' Compensation Act (the "Act") provides a "comprehensive system for resolving workers' compensation claims." *In re Crawford & Co.*, 458 S.W.3d 920, 923 (Tex. 2015) (per curiam). "The [Division] has jurisdiction of disputes over income benefits, preauthorization of medical care, and reimbursement of medical expenses." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001) (footnotes omitted).

Chapter 410 of the Act governs multi-step proceedings "to determine the liability of an insurance carrier for compensation for an injury or death under" the Act. Tex. Lab. Code Ann. § 410.002 (West 2015). The first step in a dispute is

2

participation in a benefit review conference. *See id.* § 410.024(a). If the conference does not resolve the dispute, a party "is entitled to a contested case hearing" conducted by a hearing officer. *Id.* § 410.151(a). The hearing generally may consider only issues that were raised or resolved at the conference. *Id.* § 410.151(b). The final step in the administrative process is to appeal the hearing officer's decision to an appeals panel. *Id.* § 410.202(a). Issues (and decisions) not administratively appealed become final. *See id.* § 410.169. Only after completing this administrative process may a party "aggrieved by a final decision of the appeals panel" seek judicial review, and then only on issues presented during the administrative dispute resolution process. *Id.* §§ 410.251, 410.302(b).

Significantly, the Division is *not a party* to a suits for judicial review, and there is *no clear and unambiguous legislative waiver of sovereign immunity* against the Division in cases seeking judicial review of its decisions. *See* Tex. Gov't Code Ann. § 311.034 (West 2013). The Legislature did provide the Division with a statutory right to intervene in workers' compensation cases. Tex. Lab. Code Ann. § 410.254. The intervention authority furthers the Division's legislatively-mandated duties to oversee the Workers' Compensation Act. *See id.* § 402.001. Nothing therein states a clear and unambiguous waiver of the State Appellees immunity. *See* Tex. Gov't Code Ann. § 311.034.

## II. MORALES'S COMPLAINTS

In the underlying case, Morales sought workers' compensation benefits following a work-related injury. The only substantive, benefits-related issue before the Division was Morales's impairment rating, as assigned by the designated doctor in his case. Impairment ratings impact the duration and amount of benefits that a workers' compensation claimant receives. *See, e.g.*, Tex. Lab. Code Ann. § 408.142(a).

Morales disagreed with his designated doctor's assigned impairment rating and asked the Division to find one assigned by another medical doctor. *See* C.R. at 49, ¶¶ 10–11. The Division found that the preponderance of the evidence was not contrary to the designated doctor's impairment rating, and Morales sought judicial review of that decision. C.R. at 9 (Appeal's Panel January 27, 2014 Decision adopting Hearing Officer's Decision and Order); *see also* C.R. at 13-18 (Decision and Order).

Morales timely filed a suit for judicial review of the Division's decision. *See* Tex. Lab. Code Ann. § 410.301(a); C.R. at 4. However, he also tacked a declaratory judgment (UDJA) action onto his judicial review suit and subsequently amended his pleadings, adding the State Appellees as alleged necessary party-defendants. C.R. at 47. The State Appellees—a state agency and a state officer sued in his official capacity for whom sovereign immunity has not been waived—

4

are not proper parties to either Morales's judicial review suit or to his improper UDJA claim.[3]

Through his UDJA claim, Morales sought broad declarations regarding impairment rating calculations in cases in which spinal surgeries have been performed, proclaiming that his requested declaratory relief was necessary because the State Appellees and TMIC "have misinterpreted and failed to properly apply the law." C.R. at 50, ¶ 13. The trial court is already reviewing the Division's decision through the *statutorily authorized* judicial review suit against TMIC before the trial court. As discussed below, Morales ultimately seeks redundant relief to his judicial review suit through an improper UDJA claim that fails to challenge the validity of a statute or plead cognizable *ultra vires* actions. C.R. at 49, ¶¶ 12-18. He also appears to seek prospective advisory relief, which the UDJA does not countenance.

Because of these defects, the State Appellees filed a plea to the jurisdiction, as did TMIC. C.R. at 95, 141. The trial court granted the pleas after a hearing, dismissed Morales's UDJA action, and dismissed the State Appellees from the remaining judicial review suit. C.R. at 287–88. This interlocutory appeal followed.

---

[3]    Morales and *TMIC*, his former employer's workers' compensation insurance carrier, were the proper parties to Morales's judicial review suit. They remain parties to that suit, which is still pending before the trial court.

5

Morales ultimately seeks declaratory judgment to interpret statutes and challenge the Division's decision in his contested case against TMIC, which decision the trial court is currently reviewing through the statutory process provided by the Labor Code. The trial court correctly concluded that it lacked jurisdiction over Morales's appended UDJA claims, since he failed to overcome the State Appellees' entitlement to sovereign immunity and sought improper redundant and prospective remedies through his UDJA claim. It further correctly dismissed the State Appellees from this suit, as no legislative waiver of sovereign immunity permits Morales to hale the State Appellees as *defendants* into a judicial review suit of the Division's decisions.

In attempting to overcome his immunity bar, Morales incorrectly urges the application of three immunity waivers, all of which fail. First, the UDJA does not waive the State's immunity for claims seeking an interpretation of, or a declaration of rights under, a statute—yet that is the relief Morales expressly seeks. Second, Labor Code section 410.255 does not waive immunity but merely prescribes how a

---

[4] Morales incorrectly states in his Summary of the Argument that the State Appellees intervened in this suit. Br. of Appellant 6–7. In fact, Morales named the State Appellees as defendants and alleged necessary parties in his First Amended Petition, Request for Declaratory Judgment & Request for Disclosure. C.R. at 47, 48 ¶ 5. The State Appellees never intervened in this suit, and Morales's statement is incorrect.

court reviews certain issues that were resolved in workers' compensation appeals-panel decisions. *See* Tex. Lab. Code Ann. § 410.255(a) ("For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code."). Third, Morales failed to plead a proper *ultra vires* claim because he included the wrong defendants; did not allege any actions by the State Appellees that were outside their statutory authority[5]; impermissibly targeted the Commissioner's Hearing Officer's exercise of discretion; and made no effort to show that his claims are viable. Finally, his requested declarations are impermissible attempts to control state action.

Morales's UDJA claims are also jurisdictionally barred because the issues raised therein are also the subject of his judicial-review suit and precluded under the redundant-remedies doctrine. He also seeks impermissible advisory opinions, requesting sweeping declarations that go beyond any present or imminent dispute he has with the State Appellees or TMIC. Courts cannot adjudicate such broad, unripe claims.

---

[5] *VanderWerff v. Tex. Bd. of Chiropractic Exam'rs*, No. 03-12-00711-CV, 2014 WL 7466814, at \*2–3 n.4 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.) (noting that "litigants may not employ declaratory-judgment actions to obtain impermissible advisory opinions seeking to interpret statutes or agency rules").

## ARGUMENT

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). To file suit against the State, a plaintiff must establish the State's consent to suit, for "sovereign immunity deprives courts of subject-matter jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012); *Beeman v. Livingston*, No. 13-0867, 2015 WL 4072404, at *5 (Tex. June 26, 2015) ("A plaintiff who sues the State must demonstrate that the State has consented to the suit; otherwise the suit is barred by sovereign immunity.").

The Supreme Court has "repeatedly affirmed that any purported statutory waiver of sovereign immunity should be strictly construed in favor of retention of immunity." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012); *see* Tex. Gov't Code Ann. § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Even where the State is not immune, the burden remains on the plaintiff to show that no jurisdictional obstacles exist. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

Declaratory judgment suits, or UDJA actions, may only be brought where a statute or rule or its application interferes with or impairs, or threatens to interfere

8

with or impair, a legal right or privilege of the plaintiff. Tex. Gov't Code Ann. § 2001.038 (West 2008). The Texas Supreme Court has recently addressed UDJA actions in two instructive cases, discussed below. Accordingly, the trial court properly dismissed Morales's UDJA claims.

## I. MORALES'S CLAIM FOR DECLARATORY RELIEF AGAINST THE STATE APPELLEES IS BARRED BY SOVEREIGN IMMUNITY.

### A. The UDJA Does Not Waive Immunity For Statutory-Interpretation Claims Against a State Entity.

Morales pursued declaratory relief "to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency." Br. of Appellant ix (Issue Presented); *see also, e.g.*, *id.* at 3 ("This case involves a proper request for declaratory judgment with a challenge to the DWC Defendants [sic] improper enforcement of the law."). The UDJA does not waive immunity for these claims. **At most,** it waives immunity for challenges to "the validity of" a statute. Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West 2014); *see Patel v. Tex. Dep't of Licensing & Reg.*, No. 12-0657, 2015 WL 3982687, at *8–9 (Tex. June 26, 2015); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (clarifying that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law.").

9

A claimant may pursue declaratory relief against a state official in his official capacity only when the official <u>is alleged to have acted without legal authority or to have failed to perform a purely ministerial act or when a statute or rule used by state officers is unconstitutional</u>. *See Patel*, 2015 WL 3982687 at \*4; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). When a plaintiff fails even to allege such conduct, the suit is one against the State and should be dismissed. *Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265–66, 270 (Tex. 1980); *Short v. W.T. Carter & Bro.*, 126 S.W.2d 953, 959, 962–63, 965 (Tex. 1938). The Fifth Court of Appeals recently surveyed Texas Supreme Court law and held that the UDJA "does not waive immunity against claims seeking a declaration of the claimant's statutory rights" or "against a claim that government actors have violated the law." *City of McKinney v. Hank's Restaurant Grp.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.).[6]

Morales relies heavily on this Court's decision in *Texas Department of Insurance, Division of Workers' Compensation v. Lumbermens Mutual Casualty Company*, 212 S.W.3d 870 (Tex. App.—Austin 2006, pet. denied). *See* Br. of

---

[6] Nothing in the Supreme Court's recent *Patel* decision affects this conclusion. *Patel* considered a due-course-of-law challenge to licensing statutes and regulations regarding eyebrow threading. *Patel*, 2015 WL 3982687 at \*1–2. The Supreme Court held that, because the plaintiffs contested "the *validity*" of the laws, *id.* at \*9 (emphasis added), the state entities were not immune. By contrast, Morales does not dispute the validity of any statute. Thus, *Patel* is immaterial.

Appellant 11. This reliance is misplaced, as *Lumbermens* is clearly distinguishable. *Lumbermens* was a declaratory judgment action addressing Division-issued advisories, which action had been severed from an underlying judicial review suit applying the advisories to a particular case. *Id.* at 874. The advisories *themselves* were at issue, and the insurance carrier plaintiffs sought a declaration that the Division acted outside its authority in issuing them, alleging that the Division improperly modified the *Guides to the Evaluation of Permanent Impairment*. *Id.*

This Court concluded that the carriers had properly pleaded an *ultra vires* action that gave the trial court jurisdiction over their request for declaratory relief. *Id.* at 875. Thus, *Lumbermens* is properly viewed as an *ultra vires* suit, not one for which the UDJA itself waived immunity.[7] There are no advisories or *ultra vires* actions at issue in this case. An *ultra vires* exception in a UDJA suit "must not complaint of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010). Moreover, even if *Lumbermens* held what

---

[7] *Lumbermens* allowed the claim to proceed against the Division, as opposed to the Commissioner; *Heinrich* later clarified that *ultra vires* claims must be brought against a state official not an agency. 284 S.W.3d at 372–73.

11

Morales claims, it cannot be squared with the Supreme Court's subsequent *Sefzik* and *Heinrich* decisions clarifying UDJA actions against the State.[8]

Additionally, in *National American Insurance Company v. Texas Property & Casualty Insurance Guaranty Association* (herein "*NAIC*"), on which Morales also relies, the plaintiff's petition included requests "to declare its rights and status under certain statutory provisions." No. 03-09-00680-CV, 2013 WL 4817637, at *4 (Tex. App.—Austin Aug. 28, 2013, no pet.) (mem. op.). The *NAIC* case involved a dispute originally between two insurance carriers over which of two companies employed injured workers and was thus obligated to pay their benefits and which of two conflicting statutes controlled. *Id.* at *2. The *NAIC* court never addressed sovereign immunity under the UDJA. Thus, it is also distinguishable.

Similarly, *Mid-Century Insurance Company v. Texas Workers' Compensation Commission*, 187 S.W.3d 754 (Tex. App.—Austin 2006, no pet.), is an action seeking a declaration that the Division had <u>acted in excess of its statutory authority</u>

---

[8] Interestingly, while Morales relies on *Lumbermens* to claim this Court recognizes the type of UDJA action he brings here, he also asserts that it was decided wrongly, citing *DeLeon v. Royal Indemnity Company*, 396 S.W.3d 597 (Tex. App.—Austin 2010, *rev'd on other grounds*, 396 S.W.3d 527 (Tex. 2012). He states this Court attempted to distance itself from alleged *Lumbermens* dicta that "the DWC and the DWC Commissioner have used . . . inappropriately to try to exclude all spinal surgeries, even pre-MMI, from consideration (and this is evidently taught to a number of designated doctors). Br. of Appellant 25–30. Again, the proper avenue for review of the Division's decisions—including the calculation of impairment ratings in spinal surgery cases—is through the courts through a properly filed judicial review suit.

in relation to a Division rule. Therein, an insurance carrier sued for a declaration that a Division-promulgated rule concerning lifetime income benefits exceeded its statutory authority. *Id.* at 756. This case concerns no Division rule but rather the Division's *adjudication* of Morales's contested administrative case.

In *Texas Workers' Compensation Insurance Fund v. Texas Workers' Compensation Commission*, 124 S.W.3d 813 (Tex. App.—Austin 2003, pet. denied), although the Division challenged the trial court's jurisdiction to issue a declaratory judgment that Texas Mutual sought in connection with its suit for judicial review, the court of appeals did not address whether a plaintiff can bring a UDJA claim to interpret a statute. In fact, the court there *sustained* the State's argument that the district court erred by "allowing Texas Mutual to bring a declaratory-judgment action when judicial-review remedies are expressly provided for under chapter 410." *Id.* at 819, 824–25. These cases fail to advance Morales's arguments.

Morales also erroneously relies on *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010). Although some courts have interpreted *DeQueen* to suggest that the UDJA waives the State's immunity for suits "involving statutory interpretation," 325 S.W.3d at 634, the Supreme Court since clarified that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 372–73 & n.6. As the Fifth Court of

13

Appeals recognized in *Hank's*, the law on the UDJA's waiver "evolv[ed]" since *DeQueen*. *Hanks*, 412 S.W.3d at 111. It has not evolved to permit Morales's present UDJA action.

The case law restricting Morales's UDJA action reflects sound, longstanding public policy in Texas. Sovereign immunity waivers must be strictly construed and "effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034. That principle "applies to both the existence and the extent of the waiver." *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995), *superseded by statute on other grounds*. Nothing in section 37.006(b)'s text mentions challenges regarding a statute's interpretation or application, such as the challenge Morales admittedly brings. Additionally, "[i]t is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000). Interpreting the UDJA to allow a plaintiff into court any time he wants to challenge an agency's action or interpretation would eviscerate that well-recognized principle of Texas law.

For all the foregoing reasons, the trial court properly dismissed Morales's claims for lack of jurisdiction.

**B.** **Labor Code Section 410.255 Does Not Waive Sovereign Immunity.**

Morales also incorrectly cites Labor Code section 410.255 as an independent basis for waiver of the State's immunity. Br. of Appellant 15–17. Section 410.255 does not waive the State's immunity. Immunity waivers must employ "clear and unambiguous language." Tex. Gov't Code Ann. § 311.034. Section 410.255 does not even provide a right to judicial review, let alone clearly and unambiguously waive the State Appellees' immunity. Rather, it "simply prescribes the *manner* of judicial review" granted by section 410.251. *Cont'l Cas.*, 19 S.W.3d at 398. Section 410.251 allows review only of "a final decision of the appeals panel" (assuming the administrative process has been exhausted). Tex. Lab. Code Ann. § 410.251. There is no mention of waiver or even of mandatory joinder of the Division or Commissioner.

That the Legislature did not waive the State's immunity through section 410.255 (or section 410.251) makes sense in light of other Labor Code provisions. Rather than making the State a party to judicial review suits, the Legislature provided the Division with authority to intervene where it believed there was a possible violation of applicable laws and rules. *See id.* § 410.254. That authority would be largely superfluous if the Division could be dragged into court regardless of its wishes. Appellees therefore remain immune to Morales's claims.

15

### C. Morales Failed to Plead a Proper *Ultra Vires* Claim and Cannot Cure this Defect.

Morales also appears to suggest that he can avail himself of the *ultra vires* exception to sovereign immunity. Br. of Appellant 12–14. A plaintiff may assert an *ultra vires* claim where a state officer is failing "to comply with statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 372. The "suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* The proper defendant is the state <u>officer</u>, not the governmental entity, and the plaintiff may obtain only prospective injunctive relief. *Id.* at 372, 374. Morales's requests for declaratory relief do not fit these strictures.

First, Morales named the wrong defendants. Since an *ultra vires* suit may proceed only against an official, not an agency, the Division is clearly an improper party. *See id.* Morales further fails to allege any actions by the Commissioner that could even arguably support an *ultra vires* claim against him. Rather, Morales complains of a decision by a Division appeals panel, not the Commissioner. *See id.*; *Cf. Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 538 (Tex. App.—Austin 2013, pet. denied) ("Injunctive relief is 'not available to prevent commission of wrongs not imminently threatened' or to require general compliance with the law.").

16

Second, to the extent Morales complains about any administrative decisions already rendered, *ultra vires* claims allow only *prospective* relief. *See, e.g.*, *Heinrich*, 284 S.W.3d at 374 (explaining that *ultra vires* claim does not lie where "[t]he only injury the [plaintiff] allege[s] has already occurred" (first alteration in original) (citation and internal quotation marks omitted)); *Smith v. 241st Dist. Ct. of Smith Cnty.*, No. 03-13-00719-CV, 2015 WL 1611703, at \*2 (Tex. App.—Austin Apr. 9, 2015, no pet.) (mem. op.) ("[C]laims for injunctive and declaratory relief, based on past actions, are retrospective claims."); *Combs*, 410 S.W.3d at 537–38 ("[A]ny declaration as to whether [Comptroller's] past conduct exceeded her legal authority is purely retrospective in nature and therefore could not constitute valid ultra vires relief.").

Third, Morales at best complains about the State Appellees' exercise of discretion, for they plainly have *authority* to administer and interpret the Workers' Compensation Act and its dispute-resolution procedures. His complaints, generously read, would still be "allegations that [the agency] reached an incorrect or wrong result when exercising its delegated authority, not facts that would demonstrate [the agency] exceeded that authority." *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 517–18 (Tex. App.—Austin 2010, no pet.); *see also, e.g.*, *Tex. Comm'n of Licensing & Regulation v. Model Search Am., Inc.*, 953 S.W.2d 289, 292 (Tex. App.—Austin 1997, no writ)

17

("[State officers] had the undoubted authority to interpret the Act's provisions and to make a decision in that regard. That they 'might decide wrongly . . . does not vitiate' their authority to make a decision." (citation omitted)); *cf. VanderWerff*, 2014 WL 7466814, at *3 (holding that plaintiff cannot use *ultra vires* claim through UDJA to collaterally attack administrative decision). Morales improperly attempts to control state action.[9]

Finally, to properly invoke the *ultra vires* exception, Morales must show that his claims are "viable." *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *see Beeman*, 2015 WL 4072404, at *15 (dismissing *ultra vires* claim for want of jurisdiction because plaintiff failed to show that defendant official violated statutory duty). He makes essentially no effort to meet this requirement. Although he recounts the declarations he seeks, *see* Br. of Appellant 5, he never explains how the Commissioner's interpretations of the statutes are outside his authority (or, again, when the Commissioner took any action in this regard).

Accordingly, even if the *ultra vires* claims somehow could overcome all the other problems discussed in this brief, they would be waived for inadequate briefing. *See, e.g.*, Tex. R. App. P. 38.1(i); *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692

---

9    *See Bd. of Trs. of Galveston Wharves v. O'Rourke*, 405 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 118 (Tex. App.—Austin 2007, no pet.).

18

(Tex. App.—Dallas 2007, pet. denied) ("Other than a general cite to one case stating the elements of the cause of action and the restatement of torts, appellants make no argument that the cause of action is so limited. Under these circumstances, we conclude this issue is inadequately briefed."); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief appellant's issue for her. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."). Morales cannot satisfy his burden to establish jurisdiction merely by reciting the term "*ultra vires*."

## D. Morales's "Need to Bind the Division" Argument Lacks Merit.

Morales also attempts to circumvent his jurisdictional defects by relying on a vague derogatory policy argument that declaratory relief is necessary to bind the State Appellees, who he accuses, without foundation, of "hiding" from the law and purposely *avoiding* clear statutory construction. *See* Br. of Appellant, *passim*. As addressed above, the Division serves in an adjudicative capacity in workers' compensation disputes, pursuant to its duties under the Labor Code. Tex. Lab. Code Ann. § 402.001. It is disinterested in the particular disputes before it—much like this Court—with no reason to "misinterpret" the law. *See Houston Lighting & Power Co. v. Dickinson Indep. Sch. Dist.*, 641 S.W.2d 302, 309 (Tex. App.— Houston [14th Dist.] 1982, writ ref'd n.r.e.) (explaining that, "[w]here the official action of a board is attacked, courts will presume the board discharged its duties

19

according to law and acted in good faith"); *see also United States v. Morgan*, 313 U.S. 409, 421 (1941) (stating that courts presume that executive officials are individuals "of conscience and intellectual discipline" who act in good faith).

It is axiomatic that parties disappointed with the outcome of a case may believe the Division (or this Court) erred in judgment. However, Morales's vitriolic accusations against the State Appellees as willful bad actors are disingenuous, irresponsible, and transcend reasonable disagreement with the Division's decisions. These claims are simply unsupported hyperbole that are easily dismissed, as would be a disgruntled party's unfounded claims that this Court actively seeks to misinterpret the law by failing to hold in that party's favor.

Moreover, there is no judicial "public policy" exception to sovereign immunity. *See Harvel*, 2015 WL 3637823, at *3 n.8 (rejecting argument like Morales's, explaining that judicial review suit could give plaintiff relief and that, regardless, "[a] court without jurisdiction has no choice but to dismiss the case").[10]

---

[10] Morales also claims the State Appellees place parties in a "Catch-22" by disregarding court decisions unless they "are made parties or intervene." Br. of Appellant 40–41. He cites appeals-panel decisions stating that the panel is not bound by district-court opinions in other cases. Br. of Appellant 40–43. However, the appeals panels merely *distinguished* those district-court decisions on their facts in adjudicating the fact-specific case before it. This argument neither establishes a need to "bind" the State Appellees through UDJA action nor establishes an actual immunity waiver. The proper recourse for parties aggrieved by the Division's decisions is through the exclusive method that *was* established by the Legislature, which is judicial review of the Division's administrative decisions under the Labor Code. Tex. Lab. Code Ann. § 410.251.

Legislative waivers must be by clear and unambiguous language. Tex. Gov't Code Ann. § 311.034.

Moreover, even if Morales could pierce the State Appellees' sovereign immunity, which he cannot, his claims would be barred by either or both of the redundant-remedies or ripeness doctrines.[11]

## II. MORALES SEEKS AN IMPERMISSIBLE REDUNDANT REMEDY THROUGH HIS UDJA ACTION.

As noted above, Morales seeks declaratory judgment related to spinal surgeries and the effects of such surgeries occurring before maximum medial improvement in calculating impairment ratings. This mirrors the issue the appeals panel decided and that is currently the subject of his suit for judicial review under Labor Code section 410.251.

This Court has squarely held that declaratory judgment under the UDJA is unavailable when redundant of a parallel administrative appeal. *See Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 747 (Tex. App.—Austin 2014, pet. dism'd); *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708 (Tex. App.—Austin 2013, no pet.) (holding that plaintiff did not assert valid UDJA claim because it would "be merely incidental to the relief [plaintiff]

---

[11]    These arguments also defeat Morales's UDJA claims as asserted against TMIC.

could obtain through his PIA mandamus claim"); *SWEPI LP v. R.R. Comm'n*, 314 S.W.3d 253, 268 (Tex. App.—Austin 2010, pet. denied) (citation omitted); *see also, e.g.*, *Harvel*, 2015 WL 3637823, at *4 (holding that redundant-remedies doctrine barred declaratory relief because "declarations [plaintiff] seeks under the UDJA action are duplicative of his suit for judicial review").[12]

Because Morales's argument regarding the calculation of impairment ratings given spinal surgeries is the subject of his judicial-review suit, the trial court properly dismissed his redundant UDJA claim regarding that same issue.[13]

## III. MORALES SEEKS IMPERMISSIBLE ADVISORY OPINIONS.

Morales also seeks broad declarations pertaining to the rights of claimants generally. To the extent that he requests relief untethered to his actual dispute with

---

[12] Although Morales pleaded for attorneys' fees pursuant to the UDJA, he does not appear to pursue that request on appeal, which in any event would be meritless: "[A]n award of attorney's fees under the DJA is unavailable if the claim for declaratory relief is merely incidental to other claims for relief." *Jackson v. State Office of Admin. Hr'gs*, 351 S.W.3d 290, 301 (Tex. 2011); *see also MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009); *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 626 (Tex. 2007) (holding that request for attorneys' fees under section 37.009 "cannot operate to vest the trial court with jurisdiction where there was none before").

[13] *Patel* is distinguishable once more on this point. The Supreme Court there reaffirmed the redundant-remedies doctrine but found it inapplicable because the plaintiffs sought "more than a reversal of" previous administrative orders, but rather "prospective injunctive relief against future agency orders" that were concretely threatened. *Patel*, 2015 WL 3982687, at *14; *see id.* at *12–13 (discussing ripeness). Morales makes no such claim. Rather, his only concrete injury is the adverse appeals-panel decision, which can be remedied through his judicial-review suit.

22

TMIC (or the State Appellees), his claims are not ripe because they seek advisory opinions.

Ripeness "is a threshold issue that implicates subject matter jurisdiction." *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). It "asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* Adjudicating an unripe dispute violates the constitutional prohibition on advisory opinions and offends the judiciary's prudential interest in conserving judicial resources for cases presenting concrete, well-developed controversies. *Id.* at 442–43. Prudential concerns resonate particularly in the administrative context, where "avoiding premature litigation over administrative determinations prevents courts from 'entangling themselves in abstract disagreements over administrative policies' while simultaneously allowing the agency to perform its functions unimpeded." *Trinity Settlement Servs., LLC v. Tex. State Sec. Bd.*, 417 S.W.3d 494, 506 (Tex. App.—Austin 2013, pet. denied) (quoting *Patterson*, 971 S.W.2d at 443).

Morales seeks precisely what the ripeness doctrine precludes. He asks the Court to opine on various statutory interpretations to generally make "a declaration of the parties' rights under the Texas Workers' Compensation Act," C.R. at 50, completely divorced from any factual context and before the administrative agency has had the opportunity "to perform its functions unimpeded," *Trinity Settlement*

23

*Servs.*, 417 S.W.3d at 506. These requests are particularly problematic in the workers' compensation context, where disputes are often fact-bound and questions of law, including those of statutory interpretation, turn on the details of each case.

Last December, this Court addressed the same issue in another case against a state agency. *See VanderWerff v. Tex. Bd. of Chiropractic Exam'rs*, No. 03-12-00711-CV, 2014 WL 7466814, at \*2–3 n.4 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.) (noting that "litigants may not employ declaratory-judgment actions to obtain impermissible advisory opinions seeking to interpret statutes or agency rules"). The Court should similarly dispose of Morales's attempt to accomplish the same end here.

## PRAYER

Based on all the foregoing, the Court should overrule Morales's sole issue and affirm the district court's judgment dismissing his UDJA claim and dismissing the State Appellees from this case.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/Adrienne Butcher*
ADRIENNE BUTCHER
Assistant Attorney General
State Bar No. 24050363
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station (MC-018)
Austin, Texas 78711-2548
Telephone:   (512) 463-1410
Facsimile:    (512) 474-2697
adrienne.butcher@texasattorneygeneral.gov

COUNSEL FOR APPELLEES

25

## CERTIFICATE OF COMPLIANCE

I certify that the brief submitted complies with Texas Rule of Appellate Procedure 9 and the word count of this document is <u>4,745</u>, excluding the portions of the brief exempted by Rule 9.4(i)(1). The word processing software used to prepare this filing, and calculate the word count of the document, is Microsoft Word 2013.

Dated:　　July 27, 2015

　　　　　　　　　　　　　*/s/Adrienne Butcher*
　　　　　　　　　　　　　ADRIENNE BUTCHER


## CERTIFICATE OF SERVICE

On July 27, 2015, the foregoing brief was served via File & ServeXpress and e-mail on:

Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, THE LAW OFFICES OF RICHARD PENA, P.C.
1701 Director's Blvd., Suite 110
Austin, Texas 78744
Telephone:　(512) 327-6884
Facsimile:　(512) 327-8354
Email: Brad.McClellan@yahoo.com

　　　　　　　　　　　　　*/s/Adrienne Butcher*
　　　　　　　　　　　　　ADRIENNE BUTCHER

## **APPENDIX**

A.   *Harvel v. Tex. Dep't of Ins., Div. of Workers' Comp.*, No. 13-14-00095-CV, 2015 WL 3637823 (Tex. App.—Corpus Christi June 11, 2015, no pet. h.).

B.   Brief of Appellant, *Vanderwerff v. Tex. Dep't of Ins., Div. of Workers' Comp., et al.*, No. 05-15-00195-CV (Tex. App.—Dallas filed Feb. 17, 2015).

# Tab A

*Harvel v. Tex. Dep't of Ins., Div. of Workers' Comp.*,
No. 13-14-00095-CV, 2015 WL 3637823
(Tex. App.—Corpus Christi June 11, 2015, no pet. h.).

--- S.W.3d ----, 2015 WL 3637823 (Tex.App.-Corpus Christi)
**(Cite as: 2015 WL 3637823 (Tex.App.-Corpus Christi))**



Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RE-LEASED FOR PUBLICATION IN THE PER-MANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAW-AL.

Court of Appeals of Texas,
Corpus Christi-Edinburg.
Jamie Harvel and The Austin Police Association,
Appellants,
v.
Texas Department of Insurance–Division of Work-ers' Compensation, and Commissioner Rod Border-lon, in his Official Capacity, Appellees.

NUMBER 13–14–00095–CV
Delivered and filed June 11, 2015

**On appeal from the 53rd District Court of Travis County, Texas.**
Bradley Dean McClellan, Richard Pena, for Appel-lant.

Karen L. Watkins, for Appellee.

Before Justices Benavides, Perkes and Longoria

**OPINION** FN1

FN1. On motion by appellants, the Court, sitting *en banc,* withdraws its memor-andum opinion and judgment issued on May 21, 2015, designates that memor-andum opinion as an "opinion," and reis-sues said opinion without further change. *See* TEX. R. APP. P. 47.6.

Opinion by Justice Longoria
**\*1** Officer Jamie Harvel and the Austin Police Association, appellants, bring this interlocutory ap-peal challenging a plea to the jurisdiction granted in favor of appellees, the Division of Workers' Com-pensation of the Texas Department of Insurance ("the Division") and the Commissioner of Workers' Compensation David Mattax, in his official capa-city. FN2 We affirm the trial court's order granting the plea and dismissing for lack of jurisdiction.

FN2. At the time appellants perfected this appeal the Commissioner of Workers' Compensation was the Hon. Rod Border-lon. Pursuant to Rule 7.2, we automatically substitute the name of his successor in that office, the Hon. Ryan Brannan. *See* TEX. R. APP. P. 7.2.

**I. BACKGROUND** FN3

FN3. This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

The Austin Police Department normally as-signed Officer Harvel to work at the police station located in downtown Austin. In May of 2012, he was temporarily reassigned to a training camp loc-ated in a different part of Austin to serve as a fire-arms instructor. On the morning of May 4, 2012, Officer Harvel was traveling from his home to that training camp on his personal motorcycle. A car at-tempting to turn left failed to yield the right of way and collided with Officer Harvel, who sustained "significant injuries" as a result.

The City of Austin, which self-insures, denied Officer Harvel's claim for workers's compensation benefits. Officer Harvel challenged that decision and received a contested case hearing before a Di-vision hearing officer. *See* TEX. LAB. CODE ANN. § 410.151 (West, Westlaw through 2013 3d

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

C.S.). The hearing officer issued an order that denied coverage and made findings of fact and conclusions of law that Officer Harvel was not acting within the course and scope of his employment at the time of his injury. Officer Harvel challenged the order, but it became final after the Division appeals panel did not enter a decision. *See id.* § 410.204(c) (West, Westlaw through 2013 3d C.S.) (providing that the order of a hearing officer in a contested case becomes final if the appeals panel fails to rule on the claimant's challenge to the order).

Officer Harvel filed suit for judicial review of the Division's final order in Travis County district court. *See id.* § 410.251 (authorizing a suit for judicial review of a final order of the Division in a contested case hearing) (West, Westlaw through 2013 3d C.S.). Officer Harvel's suit named appellees and the City of Austin as defendants. Officer Harvel requested that the trial court overturn the Division's final order and determine that he was in the course and scope of his employment when another person illegally turned in front of him and caused his injuries. He challenged all adverse "findings, conclusions and decisions" of the Division and requested the trial court to determine that he is entitled to workers's compensation benefits because his injuries were work-related. In the same pleading, Officer Harvel sought two declarations under the Uniform Declaratory Judgment Act (UDJA). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 –.011 (West, Westlaw through 2013 3d C.S.) (providing the procedures for seeking a declaratory judgment). Officer Harvel requested a declaration that under the Texas Workers' Compensation Act and the "Texas Peace Officer Statutes" a peace officer "is immediately in the course and scope of their employment upon observing an illegal act especially within their jurisdiction." *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (West, Westlaw through 2013 3d C.S.).[FN4] Officer Harvel sought a second declaration that employer-directed travel for purposes of the Texas Workers' Compensation Act "need not be just from one work place to another location but that an employee traveling at the direc-

tion of the employer from home to a specially assigned work location is in the course and scope of his employment while traveling."

> FN4. Article 2.13 of the Texas Code of Criminal Procedure provides that it is "the duty of every peace officer to preserve the peace within the officer's jurisdiction" and that all peace officers shall "in every case authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime." TEX. CODE CRIM. PROC. ANN. art. 2.13 (West, Westlaw through 2013 3d C.S.).

**\*2** Appellees filed a plea to the jurisdiction asserting that they are not proper parties to Officer Harvel's suit for judicial review and that sovereign immunity bars Officer Harvel's requests for declaratory relief. The Austin Police Association ("the Association")[FN5] filed a plea in intervention and a request for declaratory relief seeking the same declarations as Officer Harvel. After the Association intervened, appellees filed a second plea to the jurisdiction incorporating the arguments in their first plea and further asserting that the Association had no standing to seek a declaratory judgment.

> FN5. The Association described itself in its plea in intervention as "being composed of over 1,600 police officers" employed by the City of Austin, including Officer Harvel.

The trial court granted appellees's plea to the jurisdiction and dismissed appellants's claims against appellees in both suits.[FN6] Appellants timely brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REMM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.) (permitting an interlocutory appeal of an order granting or denying a plea to the jurisdiction by a government unit).

> FN6. The City of Austin did not file a plea to the jurisdiction and is not a party to this

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2015 WL 3637823 (Tex.App.-Corpus Christi)
**(Cite as: 2015 WL 3637823 (Tex.App.-Corpus Christi))**

appeal.

## II. STANDARD OF REVIEW & APPLICABLE LAW

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction over a case. *City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex.2010) (per curiam ). Whether subject matter jurisdiction exists is a question of law that we review de novo. *Id.*

The burden is on the plaintiff to demonstrate the trial court's jurisdiction. *Heckman v. Williamson County,* 369 S.W.3d 137, 150 (Tex.2012). When a plea to the jurisdiction challenges the pleadings, our task is to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). We begin our analysis of a plea to the jurisdiction with the live pleadings. *Heckman,* 369 S.W.3d at 150. We may also consider evidence submitted to negate the existence of jurisdiction and must do so when the evidence necessarily resolves the jurisdictional issue. *Id.* We construe the pleadings liberally, accepting all factual allegations as true, and look to the intent of the pleader. *Id.* We must grant the plea if the pleadings affirmatively negate the existence of jurisdiction. *Miranda,* 133 S.W.3d at 227. If the pleadings do not contain sufficient facts to demonstrate jurisdiction but also do not affirmatively negate it, the issue is one of pleading sufficiency. *Id.*

Sovereign immunity generally deprives the trial court of jurisdiction over a lawsuit in which the party has sued the State or a state agency unless the Legislature has waived immunity. *Tex. Parks & Wildlife Dep't. v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex.2011). The UDJA is not a general waiver of sovereign immunity but does provide a narrow waiver of immunity for claims challenging the validity of ordinances or statutes. *Id.*; *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n. 6 (Tex.2009). However, the UDJA does "not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a stat-

ute or other law." *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 621 (Tex.2011) (per curiam ) (citing *Heinrich,* 284 S.W.3d at 372–73); *accord Abbott v. G.G.E,* No. 03–11 –00338–CV, ––– S.W.3d ––––, 2015 WL 1968262, at \*13 n. 14 (Tex.App.—Austin Apr. 30, 2015, no. pet. h.). Related to this rule is the *ultra vires* exception, which permits private parties to bring claims against state officials for nondiscretionary acts unauthorized by law. *Sefzik,* 355 S.W.3d at 621. Such lawsuits are not "against the State" and therefore not barred by sovereign immunity. *Id.*; *see Heinrich,* 284 S.W.3d at 373.

## III. OFFICER HARVEL'S SUIT FOR JUDICIAL REVIEW

**\*3** Officer Harvel's petition sought both judicial review of the Division's final order denying him workers's compensation benefits and a declaratory judgment. Judicial review of a final agency order and a UDJA action are separate proceedings authorized and governed by different statutes. *See* TEX. LAB. CODE ANN. § 410.251 (authorizing judicial review of a final order of the Division once the claimant has exhausted all administrative remedies); TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (authorizing a suit for a declaratory judgment). Appellees filed a plea to the jurisdiction challenging the trial court's jurisdiction over them in both suits, but appellants did not address why appellees are proper parties to Officer Harvel's suit for judicial review as distinguished from appellants's UDJA action in their briefs to this Court. The appellant's brief must contain a clear and concise argument for the party's contest accompanied by appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i); *see Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex.App.—Dallas 2004, pet. denied) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review."). To the degree that Officer Harvel raises an issue that appellees are proper parties to his suit for judicial review, we overrule it as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Strange,* 126 S.W.3d at

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

678.

## IV. DECLARATORY RELIEF

We next turn to appellants's argument that sovereign immunity does not bar their UDJA action against the Division and the Commissioner.

Appellants sought two declarations under the UDJA: (1) that a peace officer who witnesses an illegal act is immediately within the course and scope of his or her employment; and (2) that employer-directed travel includes an "employee traveling at the direction of the employer from home to a specially assigned work location." Sovereign immunity bars both claims because appellants seek a declaration of their rights under a statute but do not challenge the validity of any statute or ordinance. *See Sefzik,* 355 S.W.3d at 621. Appellants assert that the Texas Supreme Court permitted a similar UDJA action to continue in *Texas Lottery Commission v. First State Bank of DeQueen,* but that case is distinguishable and does not support appellants's argument. 325 S.W.3d 628, 633–34 (Tex.2010). *Texas Lottery Commission* involved whether provisions of the Uniform Commercial Code invalidated certain sections of the Texas Lottery Act. *Id.* at 634. Thus, *Texas Lottery Commission* fits into the narrow UDJA waiver of sovereign immunity for suits challenging the validity of statutes which the Texas Supreme Court recognized in *Heinrich. See id.* at 635 ("Because the claim at issue here is not one involving a government officer's action or inaction, but is a challenge to a statute, this is not an *ultra vires* claim to which a government officer should have been made a party"); *see also Heinrich,* 284 S.W.3d at 372–73. Appellants's UDJA action is more akin to the one the Austin Court of Appeals addressed in *Trinity Settlement Services, LLC v. Texas State Securities Board,* where Trinity sought a declaratory judgment of its rights and status under the Texas Securities Act. 417 S.W.3d 494, 503 (Tex.App.—Austin 2013, pet. denied). The court of appeals held that sovereign immunity barred Trinity's claims for declaratory judgment against the Texas State Securities Board because Trinity

sought only a declaration of its rights and status under the Act. *Id.* (citing *Sefzik,* 355 S.W.3d at 621). Appellants seek similar relief in the case at bar: a declaration of their rights under a statute. Without a legislative waiver, sovereign immunity bars appellants's suit.[FN7] Appellants have not directed us to any legislative waiver of immunity for their suit, and we have found none. We conclude that the trial court did not err in granting appellees's plea to the jurisdiction.[FN8] *See Sefzik,* 355 S.W.3d at 621; *Trinity Settlement Servs.,* 417 S.W.3d at 503; *see also City of McKinney v. Hank's Rest. Group, L.P.,* 412 S.W.3d 102, 113 (Tex.App.—Dallas 2013, no pet.) (holding that the UDJA did not waive immunity for the appellee's claims "seeking interpretations of City ordinances, declarations of HRG's statutory rights and declarations that City officials have violated or are violating the law").

> FN7. We note that unlike *Sefzik*, appellants brought suit against a state official, the Commissioner of Workers' Compensation. However, appellants do not allege that the Commissioner acted *ultra vires* or request that we remand to afford appellants an opportunity to plead an *ultra vires* suit. *See Tex. Dep't. of Transp. v. Sefzik,* 355 S.W.3d 618, 623 (Tex.2011) (per curiam) (affirming a plea to the jurisdiction but remanding to permit the plaintiff to plead an *ultra vires* suit).

> FN8. Appellants assert numerous times in their appellate briefs that a UDJA action in which the Commissioner and the Division are parties is the only way to bind the Commissioner and the Division to apply the declarations appellants seek in subsequent contested case proceedings. Appellants do not explain why the Division and the Commissioner would not be bound to apply a district court decision agreeing with Officer Harvel that the Texas Code of Criminal Procedure places police officers in the course and scope of their employ-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

ment as soon as they witness a violation of the law. In any event, we have concluded that the trial court correctly concluded that it lacked jurisdiction over this appeal. A court without jurisdiction has no choice but to dismiss the case. *See State v. Morales,* 869 S.W.2d 941, 949 (Tex.1994).

**\*4** When we hold that the trial court is without subject-matter jurisdiction, we allow a plaintiff to replead if the defect can be cured. *See Miranda,* 133 S.W.3d at 226–227. We will not afford Officer Harvel an opportunity to replead because the relief requested under the UDJA Act mirrors the relief he requested in the suit for judicial review. When a plaintiff "has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction over an additional claim under the UDJA that would merely determine the same issues and provide what is substantively the same relief that would be provided by the other statutory remedy." *Tex. Dep't of State Health Servs. v. Balquinta,* 429 S.W.3d 726, 746 (Tex.App.—Austin 2014, pet. dism'd); *SWEPI LP v. R.R. Com'n of Tex.,* 314 S.W.3d 253, 268 (Tex.App.—Austin 2010, pet. denied). Both Officer Harvel's suit for judicial review and his UDJA action seek rulings that (1) a peace officer is in the course and scope of employment as soon as the officer witnesses an illegal act and (2) that employer-directed travel for purposes of the Texas Workers' Compensation Act includes travel from the employee's home to a specially-assigned work location. If Officer Harvel was successful on either suit he would receive substantively the same relief: reversal of the final order denying him workers's compensation benefits. The pleadings have affirmatively negated jurisdiction because the declarations Officer Harvel seeks under the UDJA action are duplicative of his suit for judicial review. *See Balquinta,* 429 S.W.3d at 746; *SWEPI,* 314 S.W.3d at 268.

We will not afford the Association an opportunity to replead because the pleadings conclusively demonstrate the absence of a justiciable contro-

versy between the Association and appellees. *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163–64 (Tex.2004). The trial court has jurisdiction to address a suit for declaratory relief only if a justiciable controversy exists regarding the rights and status of the parties actually before the court and the declaration sought will actually resolve the controversy. *Id.* A justiciable controversy involves a real and substantial conflict of tangible interests and not merely a theoretical or hypothetical dispute. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995); *see Trinity Settlement Servs.,* 417 S.W.3d at 505 (observing that a justiciable controversy does not exist if a case requires the trial court to "pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such actions may in the future require adjudication"). The Association seeks a declaration that would apply to all of its police officers, but none of those officers except for Officer Harvel are before the Court. At best, the Association has identified hypothetical disputes which are likely to occur between the Division and its member officers in the future if one of the officers is injured. While it is certainly possible that one of the Association's member officers could be injured when traveling to work in a manner similar to Officer Harvel's experience, such an injury is merely hypothetical at this point. *See Bonham State Bank,* 907 S.W.2d at 467. We conclude that the pleadings affirmatively negate the existence of jurisdiction because the Association has not shown that any possible injury is "imminent, direct, and immediate, and not merely remote, conjectural, or hypothetical." *See Rea v. State,* 297 S.W.3d 379, 383 (Tex.App.—Austin 2009, no pet.). We will not afford the Association an opportunity to replead.

### V. CONCLUSION

We affirm the trial court's order granting the plea to the jurisdiction.

Tex.App.-Corpus Christi, 2015
Harvel v. Texas Department of Insurance-Division of Workers' Compensation

--- S.W.3d ----, 2015 WL 3637823 (Tex.App.-Corpus Christi)
**(Cite as: 2015 WL 3637823 (Tex.App.-Corpus Christi))**

--- S.W.3d ----, 2015 WL 3637823 (Tex.App.-Corpus Christi)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Tab B

Brief of Appellant, *Vanderwerff v. Tex. Dep't of Ins., Div. of Workers' Comp., et al.*, No. 05-15-00195-CV (Tex. App.—Dallas filed Feb. 17, 2015).

ACCEPTED
05-15-00195-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/26/2015 11:40:30 PM
LISA MATZ
CLERK

# No. 05-15-00195-CV

## FIFTH COURT OF APPEALS
## DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/26/2015 11:40:30 PM

LISA MATZ
Clerk

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance-Division of Workers' Compensation and Commissioner Ryan Brannan, in his official capacity, Appellees and Travelers Indemnity Company of Connecticut, Defendant Below**

**On Interlocutory Appeal from the 14th District Court of Dallas County Cause No. DC-14-02886, the Honorable Eric Moyé Presiding**

## DR. ERIC VANDERWERFF, D.C., APPELLANT'S BRIEF

BRADLEY DEAN McCLELLAN
State Bar No. 13395980
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
*Counsel for Appellant*

May 26, 2015

**Oral Argument Requested**

**IDENTITY OF PARTIES & COUNSEL**

*PLAINTIFF/APPELLANT:*
Dr. Eric Vandwerff, D.C.
Care of Attorneys
Law Offices of Richard Pena, P.C.
1701 Directors Blvd.
Austin, Texas 78744

*TRIAL AND APPELLATE ATTORNEY FOR PLAINTIFF & INTERVENOR:*
Bradley Dean McClellan
State Bar No. 13395980
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
1701 Directors Blvd. Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
Fax 512.327.8354
Telephone 512.327.6884

*Attorneys for DWC and Commissioner:*
DOUGLAS D. GEYSER,
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2540
Fax: (512) 474-2697
douglas.geyser@texasattorneygeneral.gov
Adrienne Butcher, Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548 (MC-018), Capital Station
Austin, Texas 78711-2548
512-475-4208
512-320-0167 facsimile.
Attorneys for DWC and Commissioner

*INTERVENOR DEFENDANT/APPELLEE:*
Texas Department of Insurance –
Division of Workers' Compensation, DWC, a governmental unit organized and existing under the law of the State of Texas, and Commissioner Ryan Brannan, in his official capacity
7551 Metro Center Drive, Suite 100
Austin, TX, 78744

*OTHER DEFENDANT:*
Travelers Indemnity Insurance Co. of Connecticut, the Insurance Carrier
James M. Loughlin
Stone Loughlin & Swanson, LLP
P.O. Box 3011
Austin, Texas 78755
Facsimile: (512) 343-1385
jloughlin@slsaustin.com
Counsel for Defendant Travelers

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                iv-v

IDENTITY OF PARTIES & COUNSEL                                         ii

STATEMENT OF THE CASE                                               vii

ISSUES PRESENTED                                                     ix

DR. VANDERWERFF'S APPELLANT'S BRIEF                                   1

SUMMARY OF ARGUMENT                                                   7

STATEMENT OF FACTS                                                    2

ARGUMENT & AUTHORITIES                                               11
 Issue No. 1:  When a state agency intervenes in a lawsuit, does the
District Court have jurisdiction to determine a declaratory judgment
action brought to properly construe, interpret, and enforce applicable
Texas statutes against the state agency and the head of the state agency
after administrative remedies have been exhausted and a live controversy
remains with allegations that the state defendants have violated the
statutes in question?                                                11

CONCLUSION                                                           39

PRAYER                                                               40

CERTIFICATE OF COMPLIANCE                                            41

CERTIFICATE OF SERVICE                                               41

APPENDIX                                                             42

ACCEPTED
05-15-00195-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/26/2015 11:40:30 PM
LISA MATZ
CLERK

# No. 05-15-00195-CV

## FIFTH COURT OF APPEALS
## DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/26/2015 11:40:30 PM

LISA MATZ
Clerk

### Dr. Eric Vanderwerff, D.C., Appellant

### v.

### Texas Department of Insurance-Division of Workers' Compensation and Commissioner Ryan Brannan, in his official capacity, Appellees and Travelers Indemnity Company of Connecticut, Defendant Below

### On Interlocutory Appeal from the 14th District Court of Dallas County Cause No. DC-14-02886, the Honorable Eric Moyé Presiding

## DR. ERIC VANDERWERFF, D.C., APPELLANT'S BRIEF

BRADLEY DEAN McCLELLAN
State Bar No. 13395980
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
Law Offices of Richard Pena, P.C.
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
*Counsel for Appellant*

May 26, 2015

## Oral Argument Requested

## IDENTITY OF PARTIES & COUNSEL

*PLAINTIFF/APPELLANT:*
Dr. Eric Vandwerff, D.C.
Care of Attorneys
Law Offices of Richard Pena, P.C.
1701 Directors Blvd.
Austin, Texas 78744

*TRIAL AND APPELLATE ATTORNEY FOR PLAINTIFF & INTERVENOR:*
Bradley Dean McClellan
State Bar No. 13395980
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
1701 Directors Blvd. Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
Fax 512.327.8354
Telephone 512.327.6884

*INTERVENOR DEFENDANT/APPELLEE:*
Texas Department of Insurance –
Division of Workers' Compensation,
DWC, a governmental unit organized
and existing under the law of the State
of Texas, and Commissioner Ryan
Brannan, in his official capacity
7551 Metro Center Drive, Suite 100
Austin, TX, 78744

*Attorneys for DWC and Commissioner:*
DOUGLAS D. GEYSER,
*Assistant Solicitor General*
*OFFICE OF THE ATTORNEY GENERAL*
*P.O. Box 12548 (MC 059)*
*Austin, Texas 78711-2548*
*Tel.: (512) 936-2540*
*Fax: (512) 474-2697*
douglas.geyser@texasattorneygeneral.gov
Adrienne Butcher, Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548 (MC-018), Capital Station
Austin, Texas 78711-2548
512-475-4208
512-320-0167 facsimile.
Attorneys for DWC and Commissioner

*OTHER DEFENDANT:*
Travelers Indemnity Insurance Co. of
Connecticut, the Insurance Carrier
James M. Loughlin
Stone Loughlin & Swanson, LLP
P.O. Box 3011
Austin, Texas 78755
Facsimile: (512) 343-1385
jloughlin@slsaustin.com
Counsel for Defendant Travelers

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                    iv-v

IDENTITY OF PARTIES & COUNSEL                                            ii

STATEMENT OF THE CASE                                                   vii

ISSUES PRESENTED                                                         ix

DR. VANDERWERFF'S APPELLANT'S BRIEF                                       1

SUMMARY OF ARGUMENT                                                       7

STATEMENT OF FACTS                                                        2

ARGUMENT & AUTHORITIES                                                   11
 Issue No. 1:   When a state agency intervenes in a lawsuit, does the
District Court have jurisdiction to determine a declaratory judgment
action brought to properly construe, interpret, and enforce applicable
Texas statutes against the state agency and the head of the state agency
after administrative remedies have been exhausted and a live controversy
remains with allegations that the state defendants have violated the
statutes in question?                                                   11

CONCLUSION                                                              39

PRAYER                                                                  40

CERTIFICATE OF COMPLIANCE                                               41

CERTIFICATE OF SERVICE                                                  41

APPENDIX                                                                42

## INDEX OF AUTHORITIES

**Cases**

*Beacon Nat 'I Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.-Austin 2002, no pet.) ................................................................................................ 21

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554-55 (Tex. 2000) ................. 23

*Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163 (Tex. 2004) ......................... 17

*Calvert v. Employees Ret. Sys. of Tex.*, 648 S.W.2d 418, 419 (Tex. App.--Austin 1983, writ ref'd n.r.e.)................................................................................ 25

*Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.) ...................................................................... 15

*City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009) ..................... 26

*City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102, 112 (Tex. App.— Dallas 2013, no pet.)................................................................................... 13

*Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945) ...................... 26

*Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 13-14-00095-CV, 2015 Tex. App. LEXIS 5159, 2015 WL 2452703 (Tex. App. Corpus Christi--May 21, 2015, motion for rehearing to be filed) ...................................................... 13

*Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 716-18 (Tex. App.-- Austin 2007, *pet. filed*). .............................................................................. 26

*Houston General Insurance Co. v. Association Casualty Insurance Co.,* 977 S.W.2d 634 (Tex. App.—Tyler, *no pet.*) ...................................................... 38

*Howell v. Texas Workers' Compensation Com'n,* 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, *pet. denied*). ................................................................. 38

*Kuntz v. Khan*, No. 03-10-00 160-CV, 2011 Tex. App. LEXIS 446, 2011 WL 182882,(Tex. App.--Austin 2011, no pet.) ..................................................... 21

*Mid-Century Insurance Company v. Texas Workers' Compensation Commission,* 187 S.W.3d 754 (Tex. App.—Austin 2006, *no pet*.). ..................................... 33

*Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.).........................................................................................9, 17

*Nat'l Am. Ins. Co. v. Tex. Prop. & Cas. Ins. Guar. Ass'n for Paula Ins. Co.,* 2013 Tex. App. LEXIS 10865, 2013 WL 4817637 (Tex. App.--Austin Aug. 28, 2013, no pet.)................................................................................................ 30

*Roal Global Corp. v. City of Dallas,* 2015 Tex. App. LEXIS 5205 (Tex. App. Dallas- -May 21, 2015, no pet. h.) .......................................................................... 13

section 2001.176(b)(1)................................................................................ 15

section 410.005 ........................................................................................ 15

*Spawglass Constr. Corp. v. City of Houston*, 974 S.W.2d 876, 878 (Tex. App.--Houston [14th Dist.] 1998, pet. denied)....................................................... 25

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993)...... 23

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004).... 23

*Tex. DOT v. Sefzik*, 355 S.W.3d 618, 621-622 (Tex. 2011). ............................... 28

*Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). ..................... 27

*Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010)..............................................................................................27, 28

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002) ........................................................................................................ 27

*Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.,* 208 S.W.3d 523, 533 (Tex. App.--Austin 2006, pet. denied)...................................................................... 14

*Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n & Watts*, 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, *pet. denied*) .......... 18

*Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 at 446 (Tex. 1993) ........................................................................................................ 24

*Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*).......................9, 19

*Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex.1994)...................... 31

Texas Government Code section 2001.171 ...................................................... 14

*Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970) ................................................................................................. 33

*Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 520 (Tex. App.--Austin 2003, *pet. denied*) ................................................................... 33

*Texas Mun. Power Agency v. Public Utility Com'n of Texas,* 253 S.W.3d 184, 189 (Tex. 2007)................................................................................................. 32

*Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ........................................................................................................ 26

*Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex. App.-Austin 2000, *no pet*.)............................................ 23

*Texas Workers' Compensation Commision v. Garcia, 893 S.W.2d 504 (Tex. 1995)* ..............................................................................................32, 33

*Transportation Ins. Co. v. Franco,* 821 S.W.2d 751, 754 (Tex. App.--Amarillo 1992, *writ denied*) ...................................................................................... 34

*Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906,911 (Tex. App.--Austin 1998, pet. denied) ........................................................................ 22

**Statutes**

Tex. Civ. P. & Rem. Code § 37.006 ................................................................... 16
Tex. Civ. Prac. & Rem. Code §37.003(a) ......................................................... 38
Tex. Civ. Prac. & Rem. Code §5.062(a) ........................................................... 38
Texas Insurance Code Section 1305.451 ......................................................... 12
Texas Labor Code § 410.254 .............................................................................. 8
Texas Labor Code §410.252(b)(1) .................................................................... 16
Texas Labor Code Section 401.011(12) ............................................................. 8

**Other Authorities**

DWC APPEAL NO. 050140, 2005 TX Wrk. Comp. LEXIS 57 (decided March 14, 2005) 35
DWC APPEAL NO. 94994, 1994 TX Wrk. Comp. LEXIS 6081, September 9, 1994 36
DWC APPEAL NO. 951802, 1995 TX Wrk. Comp. LEXIS 4964, December 13, 1995 37
DWC Appeal No. 990005, 1999 TX Wrk. Comp. LEXIS 3029, decided February 19, 1999 37
DWC Appeals Panel No. 071023-s, decided July 23, 2007, 2007 TX Wrk. Comp. LEXIS 54. 36

**STATEMENT OF THE CASE**

This case involves primarily questions of law and statutory violations which arose out of a workers' compensation dispute and the improper interpretation and application of the Legislature's statutory terms by both the workers' compensation insurance carrier and the Texas Department of Insurance-Division of Workers' Compensation (DWC), which is the state agency charged with properly applying, enforcing, and interpreting the Texas Labor Code and Texas Insurance Code along with the DWC Commissioner in his official capacity. Dr. Eric Vanderwerff, D.C., is a health care provider and subclaimant of the injured worker. The injured worker has workers' compensation coverage through the Defendant, the Travelers Indemnity Company of Connecticut. The administrative judge ruled in favor of Dr. Vanderwerff, but the Insurance Carrier appealed and the final DWC administrative decision determined that a website link was sufficient written notice to injured workers of health care network required written notice. CR 165, 166-67. Dr. Vanderwerff filed for judicial review in the 14th District Court of Dallas County challenging the final DWC determinations and seeking declarations of proper statutory interpretation both under the Texas Labor Code and the Texas Insurance Code. CR 5, 147. The DWC intervened and

filed a plea to the jurisdiction arguing sovereign immunity from suit. CR 35, 60, 105. Travelers, the Insurance Carrier, finally answered and also filed a plea to the jurisdiction. CR 33, 50. The Honorable Judge Eric Moyé granted the DWC's plea to the jurisdiction and dismissed the DWC from the lawsuit, and he granted Traveler's Plea to the Jurisdiction, CR 201-202. Plaintiff brings this interlocutory appeal challenging the plea to the jurisdiction dismissing DWC from the case and granting DWC's plea to the jurisdiction as to the declaratory claims. Appellant does not believe the Insurance Carrier is a direct party to this interlocutory appeal.

**ISSUE PRESENTED**

Issue No. 1: When a state agency intervenes in a lawsuit, does the District Court have jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants have violated the statutes in question?

# No. 05-15-00195-CV

**FIFTH COURT OF APPEALS**
**DALLAS, Texas**

---

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance-Division of Workers' Compensation
and Commissioner Ryan Brannan, in his official capacity, Appellees
and the Travelers Indemnity Company of Connecticut**

---

**On Appeal from the 14th District Court of Dallas County
Cause No. DC-14-02886, the Honorable Eric Moyé Presiding**

---

## DR. ERIC VANDERWERFF, D.C., APPELLANTS' BRIEF

---

**To the Honorable Justices of the 5th Court of Appeals:**

A state agency is not free to misinterpret and misapply the laws of the Texas Legislature, and the Courts of this State are duty bound to make sure the laws of this State are properly applied, interpreted and enforced. Texas citizens have a right to seek declaratory judgments concerning statutory rights especially where administrative remedies have been exhausted. A state agency may not prevent a parties challenge that a statute is not being properly applied, interpreted and enforced. When the state agency voluntarily intervenes into a lawsuit, the state should not be allowed to interfere with the duty of the Courts

to enforce the proper construction of statutes in dispute. The state agency is a necessary party for such a declaration, and such a declaration would be unenforceable without the proper state agency. The final decision of the Texas Department of Insurance-Division of Workers' Compensation and Commissioner Brannan, collectively the DWC, primarily determined that that a website link constituted proper written notice under Texas Insurance Code Section, where the Legislature required complete and accurate written notice updated quarterly of health care providers for injured workers. The prior administrative judge rejected the notion that a website met the statutory requirements of the Insurance Code.

The declaratory judgment action will require that the DWC and the Commissioner properly enforce the statutes at issue and require the DWC and the Commissioner to properly interpret, apply, and enforce the law as written by the Legislature.

## STATEMENT OF FACTS

Leonardo Martinez, a Texas worker, suffered a compensable injury on July 21, 2010 while in the course and scope of his employment with his employer,

Hensley Industries.[1]    Dr. Eric VanderWerff, D.C., provided medical care to the Claimant after for his compensable injuries.[2]   Travelers Indemnity Company of Connecticut provided workers compensation insurance as the Insurance Carrier on the date of the worker's injuries.[3]   The Insurance Carrier is alleged to have paid for a lot of the medical care, but disputed some of the medical care after the Insurance Carrier asserted the Claimant was covered under its workers' compensation health care network. [4]   The DWC was asked to determine if the Claimant had been provided proper, sufficient, and timely notice of the health care network.[5]   The DWC hearing officer determined that neither the Insurance Carrier nor the Employer properly provided the Claimant with the information required by Texas Insurance Code §1305.451, and that the Insurance Carrier could not deny payment to Dr. Vanderwerff on this basis, and the Insurance Carrier was ordered to pay workers' compensation benefits consistent with the decision.[6] The Insurance Carrier appealed to the DWC Appeals Panel, and the DWC Appeals Panel reversed the hearing officer and determined that a packet containing notice

---

[1] CR 163 DWC Hearing Decision
[2] CR 156
[3] CR 163
[4] CR 147
[5] CR 155
[6] CR 165

of an electronic website link to a health care network provider list was sufficient.[7]

The live pleadings of the Plaintiff are attached as Appendix 2, Plaintiff's First Amended Petition and Suit for Declaratory Judgment and Exhibit "A" DWC Contested Case Hearing Decision signed November 4, 2013 and DWC Appeals Panel Decision of February 18, 2014. Dr. VanderWerff disputed all adverse determinations of the disputed issues.

Dr. Vanderwerff filed his lawsuit for declaratory judgment against the Insurance Carrier.[8] The TDI-DWC voluntarily filed a petition in intervention on October 6, 2014, and amended its intervention petition on January 28, 2015.[9] The DWC also filed a plea to the jurisdiction and an amended petition in intervention in part asserting a lack of jurisdiction over UDJA claims and that administrative remedies were not exhausted as to medical treatment until Plaintiff exhausts all claims with the Division regarding his medical bills for treating the claimant.[10] Dr. Vandewerff amended his petition asserting claims against the DWC and the Commisioner.[11] Plaintiff asserted in part that injured workers and health care providers, especially as subclaimants, have a right to

---

[7] CR 167, 168
[8] CR 5
[9] CR 35, 105.
[10] CR 60, 105
[11] CR 147 Plaintiff's 1st Amended Petition and Suit for Declaratory Judgment

demand the Courts protect their rights under the Texas Labor Code and Texas Insurance Code.[12]   Dr. Vanderwerff asked that the District Court so declare and that the Court compel compliance with statutory provisions which the DWC and the DWC Commissioner and the Insurance Carrier Defendant have not followed as required including both the finality of preauthorization of medical treatment no longer subject to dispute, the lack of timely raising or asserting a health care network issue to oppose payment of benefit, and the lack of timely and proper notice of health care network providers to the Claimant with a website link not being proper written notice of the statutory requirements. [13]

Dr. Vanderwerff also alleged that the DWC Defendants, which include the DWC Commissioner, acted beyond their statutory authority in failing to properly apply, interpret and enforce the statutes and rules for which declaratory relief is sought.[14]   Further, Dr. Vanderwerff plead that the DWC Defendants cannot adopt and apply administrative rules which are inconsistent with and in conflict with the the statute.  The District Court granted the DWC and the Commissioner plea to the jurisdiction along with Travelers Plea to the jurisdiction.[15]   In granting the

---

[12] CR 149
[13] CR 150
[14] CR 151
[15] CR 201, 202

DWC's jurisdiction plea, the District Judge ruled that "All declaratory judgment actions in this case are DISMISSED.  Intervenor TDI-DWC is further DISMISSED from this case, and all relief requested against it is DENIED."[16]  This interlocutory appeal was brought by Dr. Vanderwerff challenging the granting of the plea to the jurisdiction and the dismissal of the intervening party, the DWC, and the Commissioner, from this matter.

---

[16] CR 202

## SUMMARY OF THE ARGUMENT

A state agency which intervenes in a lawsuit may not be dismissed on jurisdictional grounds from the lawsuit it joined avoid being a necessary party to a statutory declaration lawsuit concerning the statutes the agency is charged to regulate and to enforce and to properly apply. Further, when the state agency acts beyond and in derogation of its statutory authority, the state official is a proper party to a lawsuit alleging such ultra vires acts. This is especially clear when administrative remedies have been exhausted and a live controversy exists. The 3rd Court of Appeals previously rejected the DWC and the Commissioner's argument that only judicial review between the parties is permissible:[17]

> The Division argues that because the carriers are permitted to seek judicial review of hearing decisions applying the advisories under section 410.251 of the labor code, they are barred from bringing declaratory judgment actions under the UDJA challenging the same decisions.

The 3rd Court rejected the DWC's similar arguments and concluded: "that the trial court had jurisdiction over the declaratory judgment action pursuant to the UDJA."[18] This matter is not different.

In this matter, Dr. Vanderwerff ahs sought declaratory judgments that assert

---

[17] *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 874 (Tex App.—Austin 2006, *pet. denied*)
[18] *Lumbermens* at 875

the DWC Defendants and Commissioner and the Insurane Carrier have not properly interpreted, applied, and enforced the Texas Workers' Compensation Act and the Texas Insurance Code. Included in the declarations of law sought are the proper application, interpretation, compliance and enforcement of TEXAS LABOR CODE and TEXAS INSURANCE CODE as well as the declaration that improper and invalid rules conflicting with the statutory terms are not enforceable. The legal resolution of the declarations will likely resolve the underlying administrative controversy where the material facts are not disputed. Without declarations, these legal questions will arise again and again and again. Workers' compensation system participants are entitled to a final declaration of, interpretation, and enforcement of the statutory terms by the Judicial Branch subject only to changes in the laws by the Texas Legislature.

Texas Courts are duty bound to properly construe statutory requirements especially where the Legislature's will is clearly ignored.

How the DWC's (and the Commissioner's) position appears to be that it is only allowed to intervene under Texas Labor Code § 410.254, but that the DWC is somehow not a necessary or proper party in such suits appears to create a dichotomy. This allows the DWC to continually misapply and misinterpret the law and act in violation of the law without being held accountable even when the

DWC voluntarily joins a lawsuit. The DWC and the Commissioner's similar jurisdictional pleas arguing immunity from declaratory judgments were rejected by the 3rd Court of Appeals in 2006 in *DWC v. Lumbermens* and in 2013, last year, in the *Nat'l Ins. and DWC & Commissioner v. TPCIGA* decisions.[19] The DWC and the Commissioner are clearly necessary to have the Texas Workers' Compensation Act and other applicable statutes properly applied in workers' compensation disputes concerning legal rights.

If the DWC and the Commissioner are correct, then the Judicial Branch of Texas government would lose its oversight of the Executive Branches proper application, proper interpretation, and proper enforcement of the laws adopted by the Texas Legislature and state agencies would be free to violate the very statutes which the agency and the state official is bound to uphold.

The State Appellees, the DWC and the Commissioner, appear to wish to avoid clear legal statutory construction and proper statutory application questions raised by the Appellant. This case involves a justiciable controversy, properly exhausted administrative remedies, and clear questions of law

---

[19] *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*); *Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.)

concerning statutory interpretations, alleged statutory violations by the DWC and failure to properly apply the law. The DWC and the Commissioner cannot avoid the law and cannot hide from being required to follow the law when the state agency's actions violate the statutory requirements.

Appellant is not seeking damages from the state Defendants. Appellant is seeking to enforce the statutory rights violated by the Defendants.

# ARGUMENT & AUTHORITY

**Issue No. 1:  When a state agency intervenes in a lawsuit, does the District Court have jurisdiction to determine a declaratory judgment action brought to properly construe, interpret, and enforce applicable Texas statutes against the state agency and the head of the state agency after administrative remedies have been exhausted and a live controversy remains with allegations that the state defendants have violated the statutes in question?**

1.  **The DWC Intervened as a Party and the District Court erred in Dismissing the TDI-DWC.**

The District Court dismissed the DWC when the DWC intervened in this matter.   Unlike many declaratory relief cases argued below and herein, the DWC intervened in this lawsuit, and the DWC plead:[20]

> As provided by the Labor Code, upon timely petition, the Division must be allowed to intervene in a suit for judicial review and is not required to show a justiciable interest in a case to do so. *See Tex. Workers' Comp. Comm'n v. Hartford Acc. & Indem. Co.*, 952 S.W.2d 949, 953 (Tex. App.—Corpus Christi 1997, pet. denied). Unless an intervention is struck, an intervenor is a party for all purposes and should be considered a party-plaintiff. *Id.* (*citing ESIS, Inc. Servicing Contractor v. Johnson*, 908 S.W.2d 554, 563 (Tex. App.—Fort Worth 1995, writ denied)).

Appellant agrees with the DWC's own pleading.  Once the DWC intervened, the DWC became a party for all purposes including being subjected to proper declaratory relief to ensure the DWC does not violate the statutory terms.   The

---

[20] CR 107, DWC's Amended Petition in Intervention

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

DWC is not allowed to intervene and only have its legal questions answered ------. The DWC intervened and then filed a plea to the jurisdiction praying in part that the judge "dismiss the Division from this case." CR 198. May a state agency intervene in and join a lawsuit and then hypocritically request dismissal from the lawsuit especially where the Judicial Branch will likely hold the state agency and its official accountable for misapplying and ignoring the laws of the Legislature.

The substantive statutory issues are clear. A phone number and a website link is not the proper written notifications about an insurance carrier's network that is required by law to be provided to employees by the Legislature. The Texas Insurance Code Section 1305.451 requires insurance carriers through their insured employers to provide employees "an accurate written description of the terms and conditions for obtaining health care within the network's service area." Section 1305.451 additionally mandates:

(b) The written description required under Subsection (a) must be in English, Spanish, and any additional language common to an employer's employees, must be in plain language and in a readable and understandable format, and must include, in a clear, complete, and accurate format: . . .

 (12)  a list of network providers updated at least quarterly, including:

 (A)  the names and addresses of the providers;
 (B)  a statement of limitations of accessibility and referrals to specialists; and
 (C)  a disclosure of which providers are accepting new patients;

Incomprehensibly, the DWC's live pleading is that:[21] "The Division correctly determined that the provision of a network weblink is sufficient notice to workers of healthcare network providers." Is being given notice to call "1-866-245-6472 or log onto the website [www.mywcinfo.com](www.mywcinfo.com)"[22] proper written notice in a clear complete and accurate format a list of network providers? Such a phone number and a website link is not even close to the statutory written notice requirements.

An injured employee, much less any employee, is not required by any law to try to muddle through a website to find detailed information that is to be provided to the employee in writing and in a complete and accurate format and updated quarterly. How hard is it to give an employee a list of insurance company doctors with all the required information as the statute demands?

This is not a case where the state agency was sued and found to have immunity from suit. *Contrast with Roal Global Corp. v. City of Dallas,* 2015 Tex. App. LEXIS 5205 (Tex. App. Dallas--May 21, 2015, no pet. h.); *City of McKinney v. Hank's Rest. Group, L.P.,* 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.); *Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.,* 13-14-00095-CV, 2015 Tex.

---

[21] DWC Amended Intervention Petition at CR 112.
[22] See Plaintiff's Amended Petition, CR 147

App. LEXIS 5159, 2015 WL 2452703 (Tex. App. Corpus Christi--May 21, 2015, motion for rehearing to be filed) (13th Court of Appeals determined sovereign immunity bars the claims against state agency.)

**2.   Under Labor Code Section 410.255, the DWC is a proper party for all other issues, which arguably includes network  arising out of Chapter 1305 of the Texas Insurance Code.**

Labor Code section 410.255 would require the DWC be made a party under a "substantial evidence review" standard.  The 3rd Court of Appeals explained the two judicial review avenues under Chapter 410 of the Texas Labor Code:[23]

> Section 410.301 HN4 provides that suits "regarding compensability or eligibility for or the amount of income or death benefits" are governed by modified de novo review. Tex. Lab. Code Ann. § 410.301. Substantial-evidence review is reserved as the default for any other type of reviewable appeals panel decision. *See id.* § 410.255.

To anticipate the DWC's response that 410.255 would mandate venue in Travis County—such is not accurate because 410.252 controls judicial review and requires venue in the county of the worker's residence under either subchapter F (410.255) or subchapter G (410.301) of Chapter 410 of the Texas Labor Code.   So even if Labor Code section 410.255 applies to network issues and then Texas

---

[23] *Tex. Prop. & Cas. Guar. Ass'n v. Nat'l Am. Ins. Co.,* 208 S.W.3d 523, 533 (Tex. App.--Austin 2006, pet. denied).

Government Code section 2001.171 *et seq.* applies in this case (though such assertion is definitely contested), venue is still mandatory in Dallas County. Under Texas Government Code section 2001.176(b)(1) a petition must be filed in Travis County **"unless provided otherwise by statute."** Travis County is the default if the specific statute does not provide otherwise—here it provides local venue.

Texas Labor Code section 410.252(b)(1) statutorily mandates venue in the worker's county of residence (Dallas County) at the time of the injury. This is consistent with the administrative hearings in this matter being held in the local DWC field office within 75 miles of the worker's residence under Texas Labor Code section 410.005. Worth noting is section 410.252 precedes section 410.255, and both of these sections are part of Subchapter F of Chapter 410. Any attempt to say section 410.252 does not apply to section 410.255 would be contrary to the express language of the statute.

The 3rd Court of Appeals previously addressed whether the backup mandatory Travis County venue under the Guaranty Act controlled over the required mandatory county of an injured worker's residence under the Texas Workers' Compensation Act. See respectively, TEX. INS. CODE § 462.017(b) and TEX. LAB. CODE § 410.252(b). See TEX. LAB. CODE § 410.252(b)(1) (party bringing suit must file petition in county where employee resided at time of injury); *Campos v.*

*Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 230 (Tex. App.—Austin 2009, no pet.). In *Campos v. TPCIGA*, this Court properly determined that the mandatory venue under Texas Labor Code §410.252(b)(1) the Texas Workers' Compensation Act trumped the conflict with the Insurance Code. The 3rd Court determined:[24]

> In our view, the specific venue provision of the Workers' Compensation Act controls over the general venue provision of the Guaranty Act.

If the network issues transported over from Insurance Code Section 1305 to Chapter 410 of the Labor Code are considered these "other issues," then the DWC is a proper party under Texas Labor Code Section 410.255.

### 3. Declaratory Relief is Proper & Needed When the DWC Misapplies the Law and Violate the Law.

The DWC and the Commissioner appear to allege declaratory relief is not available at all against the DWC and the Commissioner. All parties involved will be affected by the declaratory judgment action and to be of any force and effect, the UDJA unequivocally mandates:

(a) When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A

---

[24] *Campos v. Texas Prop. & Cas. Ins. Guar. Ass'n,* 282 S.W.3d 226, 231 (Tex. App.—Austin 2009, no pet.)

declaration does not prejudice the rights of a person not a party to the proceeding.

TEX. CIV. P. & REM. CODE § 37.006.  *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163 (Tex. 2004) (The Texas Supreme Court noted that no fault and no prejudice lies with non-parties to the UDJA).   If the Appellees, the DWC and the Commissioner, were not parties, then they would not be bound to follow the District Court's declarations.

### 4. The DWC and Commissioner Previously Have Been Determined Proper Parties in UDJA Actions

The 3rd Court of Appeals recently emphasized that a declaratory judgment action is allowed for matters within and proper where a party "asked the court to declare its rights and status under certain statutory provisions" involving the Texas Workers' Compensation Act.  *Nat'l Am. Ins. Co. and TDI-DWC and Commissioner Bordelon in his official capacity v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.) (mem. op.).  The 3rd Court rejected the DWC's and the Commissioner's position that the trial court did not have jurisdiction to construe the statutes in issue and determined in part that "the trial court had jurisdiction to construe the statutes in issue."  *Id.*   The statutes in issue all were

sections of the Texas Workers' Compensation Act under the Texas Labor Code. The parties were an insurance carrier, TPCIGA acting on behalf of an insurance carrier in receivership, and the DWC and the Commissioner. This Court should also allow a declaratory judgment to proceed to enforce compliance with the statutory terms. As the 3rd Court of Appeals explained in upholding the right to declaratory relief in the *Nat'l American* case:[25]

> A declaratory judgment action is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

A clear controversy exists with regards to to the DWC and the Commissioner's proper application of the statutory requirements.

### 5. Insurance Carriers Are Allowed Declaratory Actions Against the TWCC and the DWC (now the DWC).

In 2003, the Third Court of Appeals allowed one insurance carrier to bring a declaratory judgment action against the injured worker and the Texas Workers' Compensation Commission, the predecessor to the DWC, after having exhausted administrative remedies was proper under the Uniform Declaratory Judgment Act. *Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n & Watts*, 124 S.W.3d 813, 820 (Tex. App.--Austin 2003, *pet. denied*). The

---

[25] Id.

3rd Court of Appeals in *TWCIF v. TWCC* allowed a declaratory action but agreed with the TWCC's statutory interpretation.

In 2006, the Third Court of Appeals in *Lumbermens* upheld the jurisdiction of the district court under the Uniform Declaratory Judgments Act, UDJA after an analogous matter arising out of a Chapter 410 proceeding. *Texas Dep. of Ins., Div. of Workers' Compensation v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex App.—Austin 2006, *pet. denied*). The *Lumbermens* court stated:

> The UDJA does not confer jurisdiction on trial courts; rather, it is merely a procedural device for deciding cases already within a court's jurisdiction. . . .

> Accordingly, we hold that the trial court had jurisdiction under the UDJA and overrule the Division's second issue.

*Lumbermens* at 875. The authority clearly exists to use the UDJA, specifically §37.004, to pursue a declaration of statutory interpretation even when a rule violates the Texas Workers' Compensation Act for cases which administrative remedies have been exhausted under Chapter 410.

The 3rd Court in the *Lumbermens* case, *TWCIF v TWCC*, and the *Nat'l Amer. and TDI-DWC v. TPCIGA*, simply allowed and upheld declaratory judgments with the DWC as a proper party. In each case including the case decided last year, the DWC objected to the declaratory actions; however, the 3rd Court of Appeals

allowed each declaratory action to proceed and determined the meaning of the statutes in question. These three declaratory actions determined statutory rights in matters like this one arising after exhaustion of administrative remedies under Chapter 410 of the Texas Labor Code. This is a case challenging the state agency and the insurance carrier's improper application, interpretation, and lack of compliance and enforcement of state laws. When the Legislature declares a 6.25% state sales tax rate, a state agency could not try to declare and misapply a 7% state sales tax. When the Legislature declares complete and accurate and detailed written notice be provided to workers, a state agency and its official head cannot simply allow a website link to be provided.

The *TWCIF v. TWCC* and the *Lumbermens* cases were brought as a declaratory judgment action in conjunction with challenging a final decision from the Chapter 410 dispute process in the Texas Labor Code. Likewise, the *Nat'l Amer. v. TPCIGA* also was brought as a declaratory judgment action subsequent to a final Chapter 410 contested case hearing yet in a separate proceeding. These cases illustrate the need for an actual controversy and that Courts are allowed to address declaratory judgments on matters within their jurisdiction after administrative remedies have been exhausted. Unlike those cases, the DWC intervened in this matter.

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

### 6. The DWC and the Commissioner Relied Below on Inapplicable and Distinguishable Decisions

The Appellees relied upon easily distinguishable cases. In the District Court, the Appellees relied in part upon *Beacon Nat 'l Ins. Co. v. Montemayor,* 86 S.W.3d 260, 267 (Tex. App.-Austin 2002, no pet.). In *Beacon v. Montemayor*, the 3rd Court of Appeals explained:

> The UDJA waives this immunity when a party seeks a court's construction of a statute or rule. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297, 38 Tex. Sup. Ct. J. 533 (Tex. 1995). Beacon's action does not seek construction of a statute or rule; . . . .

This shows that the party seeking the declaration in *Beacon* did not seek proper statutory construction or clarification unlike the declaratory requests here.

Further, the Appellees below cited to *Kuntz v. Khan*, No. 03-10-00 160-CV, 2011 Tex. App. LEXIS 446, 2011 WL 182882,(Tex. App.--Austin 2011, no pet.)(mem. op.). *Kuntz v. Khan* rejected a declaratory judgment because "the effect of a favorable ruling in either lawsuit would be the same—if Khan prevails in either suit, the result would be a determination that the Department has no authority to regulate eyebrow threading." *Kuntz v Khan* addressed a suit directly against and enforceable against the state agency, which the DWC and the Commissioner are not necessary parties to a judicial review action under Chapter

21

410 without the legal declaratory relief sought.

Likewise the DWC below relied upon *Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd.*, 974 S.W.2d 906,911 (Tex. App.--Austin 1998, pet. denied), which also involved direct actions against the state regulatory agency as a party creating enforceability against the agency without the need for a declaration.

*Kuntz v Khan* and other cases involving direct judicial challenges to a state agency are in direct contrast here where the DWC is not a mandatory party under Chapter 410 disputes except under Section 410.252, and the only method to enforce proper statutory construction and enforcement against the DWC and the Commissioner is, simply and legally, to make the DWC and the Commissioner a party, in fact a necessary party for legal declarations of statutory meanings, rights, applications, and proper enforcement.

Again, this matter involves a dispute with a health care provider and an insurance carrier, but to bind the regulatory state agency, the DWC and the Commissioner, in his official capacity, are necessary and proper parties when declaratory relief is sought to ensure compliance and that state officials do not act *ultra vires.*

**7. The District Court Has Jurisdiction over all the Claims**

22

The Appellant has exhausted his administrative remedies before the DWC and the Commissioner with an unfavorable ruling based upon statutory construction and misapplication and refusal to comply with the law by the Appellees. When reviewing a plea to the jurisdiction, the pleadings are construed in favor of the non-movant. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). "The general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought." *Tex. Ass'n of Bus*., 852 S.W.2d at 446.

To prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff's pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the non-movant's claims to confer jurisdiction on the trial court. *Texas State Employees Union/CWA Local 6184 v. Texas Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex. App.-Austin 2000, *no pet*.). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence relevant to the jurisdictional issue and must do so when necessary to resolve the jurisdictional issues which have been raised. *Bland Indep. Sch. Dist. v.*

*Blue,* 34 S.W.3d 547, 554-55 (Tex. 2000). A court should construe the pleadings in the non-movant's favor and look to the non-movant's intent. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 at 446 (Tex. 1993). A court does not address the merits of the case in a plea to the jurisdiction; instead, the movant must establish why the merits of the non-movant's claims should not be reached. *Bland Indep. Sch. Dist*., 34 S.W.3d *at* 554. The DWC and the Commissioner have not shown that Dr. Vandwerff's suit to properly enforce compliance with statutory terms falls outside the jurisdiction of the District Court because administrative remedies have been exhausted, and the pleadings illustrate why the DWC and the Commissioner must be parties to be able to enforce any declarations against the state agency and its administrative head when the agency fails to properly follow the Legislature's laws and acts in violation of the state laws.

## 8. Resolution of the Controversy with Declaratory Action

The judicial declaration sought by Dr. Vanderwerff will help determine and likely resolve the controversy concerning when injured workers are provided proper written notice of health care providers and that an insurance carrier may not dispute its own preauthorized treatment.

## 9. Texas Courts are "Duty-Bound" to Construe Statutes

Texas District Courts are inherently vested with the power to construe statutes, and Courts are not bound by an agencies interpretation or application, especially if in error. If a declaratory judgment action terminates the uncertainty or controversy giving rise to the lawsuit, the District Court is duty-bound to declare the rights of the parties as to the matters on which the parties join issue. *Spawglass Constr. Corp. v. City of Houston*, 974 S.W.2d 876, 878 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); *Calvert v. Employees Ret. Sys. of Tex.*, 648 S.W.2d 418, 419 (Tex. App.--Austin 1983, writ ref'd n.r.e.).  Without the DWC and the Commissioner, the enforcement of the statutes proper application would not be available to a judge.

## 10. Live Justiciable Controversy Exists

Appellant also has clearly asserted that the DWC and the Commissioner interpretation and application of the laws in question violate the statutes of Texas and the statutory responsibility, authority and limits placed upon the DWC and the Commissioner and that statutory interpretation and validity of application of the Texas Workers' Compensation Act and Texas Code of Criminal Procedure are in dispute.  A justiciable controversy regarding whether a state agency or officer

25

has acted beyond statutory authority provides a jurisdictional basis for a UDJA action seeking construction of that statutory authority. This type of UDJA action does not implicate sovereign immunity. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945); *see also Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) ("Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority."). A suit for declaratory relief is not a suit against the State because it does not seek to impose liability or money damages against the state agency. *IT-Davy,* 74 S.W.3d at 853.

11. **Recent Texas Supreme Court Decisions Allow Declaratory Actions to Properly Enforce Statutes Allowed Against State Agencies & Agency Officials Acting Beyond the Statute**

The Texas Supreme Court has held that the UDJA waives a municipality's immunity against claims challenging the validity of its ordinances. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). The Court explained that that the governmental entity retains its immunity from suit when the claimant does not challenge the validity of a statute but rather challenges a government officer's application of a statute to the claimant. 284 S.W.3d at 372-73 & n.6. How is the DWC Commissioner immune from suit when the validity of his final decisions and rules are challenged as in violation of the statutory requirements? This is the

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

responsibility of the Courts to stop such violations by state officials and state agencies.

The affected parties remedy is an ultra vires suit against the government officer in his or her official capacity for prospective relief. Id. at 369-74.  This would support DWC Commissioner being a party in this matter to properly apply the statutes in question.

## 12. Declaratory Statutory Challenges Require State Agency to be a Party

Recent Texas Supreme Court cases also support that the state agency is a proper party in a declaratory action to determine parties' rights under the statute that the agency regulates and enforces especially where the state agency's violates the statutory terms. *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994).

In *DeQueen* subsequent to *Heinrich*, the Texas Supreme Court reiterated that Declaratory Judgment Act suits to construe statutes are expressly allowed jurisdictionally against a state agency.   *Texas Lottery Commission v. First State*

27

*Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010). The DWC and the Commissioner are proper parties because without them the statutory legal questions and statutory application would not be applicable to the DWC and the Commissioner. The Supreme Court in *DeQueen* reiterated that jurisdiction over the state agency existed and citing to *Leeper* explained:

> [T]he DJA permits statutory challenges and governmental entities may be bound by those challenges, the DJA contemplates entities must be joined in those suits. *Leeper,* 893 S.W.2d at 446.

The Texas Supreme Court further explained in *DeQueen* that statutory clarification, as expressly sought in this matter, that the state agency is a proper party:[26]

> Next, the Commission asserts that the DJA does not waive immunity because it applies only to suits involving constitutional invalidation and not to those involving statutory interpretation. But the language in the DJA does not make that distinction. In *Leeper*, . . . . **the DJA discussion was in the context of a statutory clarification. . . . . The decision on this claim may ultimately impact actions taken by officers of the Commission, but that does not deprive the trial court of jurisdiction.** [*Leeper*] at 445 (noting that the DJA allows courts to declare relief "whether or not further relief is or could be claimed"). The trial court properly exercised jurisdiction over this claim.

Subsequent to *DeQueen*, the Texas Supreme Court in *Sefzik* explained:[27]

> As noted, we dismissed Heinrich's claims seeking declaratory and injunctive relief against governmental entities, brought under the UDJA, because the

---

[26] *DeQueen*, 325 S.W.3d 628 at 635.
[27] *Tex. DOT v. Sefzik*, 355 S.W.3d 618, 621-622 (Tex. 2011).

entities were immune. In so doing, we necessarily concluded that the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. Very likely, the same claim could be brought against the appropriate state official under the ultra vires exception, but the state agency remains immune. See id. at 372-73. As we have consistently stated, the UDJA does not enlarge the trial court's jurisdiction [622] but is "merely a procedural device for deciding cases already within a court's jurisdiction." Tex. Parks & Wildlife Dep't v. Sawyer Trust, 354 S.W.3d 384, 2011 Tex. LEXIS 640, *8 (2011) (quoting Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993)).

*Sefzik* would have allowed a claim for statutory rights enforcement and declaration to be brought as long as the appropriate state official be named—which the DWC Commissioner is named herein if *Heinrich* even applies where the state agency has joined this lawsuit between private parties.

Noteworthy is that the DWC and the Commissioner in their initial response to request for disclosure as to their legal theories duck the substantive issues:[28]

> The Division reserves the right to more substantively respond to the Plaintiff's asserted UDJA causes of action should the Court decide that the causes of actions are within its jurisdiction.  The Division further reserves the right to substantively respond to the UDJA causes of action as it gains greater clarity as to the nature of the declaration that Plaintiff seeks.

The DWC and the Commissioner have apparently deferred properly responding to the statutory interpretation, clarification, and application of legal theories of an

---

[28] 1 CR 46

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

injured Texas peace officer becoming in the course and scope of employment. Allowing this matter to proceed will get the statutory clarification and rights properly interpreted and enforceable against the DWC.

### 13. Declaratory Actions Allowed Even After Prior Final Judgments under Chapter 410 of the Texas Labor Code to Determine Statutory Rights

The 3rd Court of Appeals recently allowed a declaratory judgment action against the DWC, the Commissioner, and an insurance carrier to determine statutory rights after a previous final judgment under a Texas Labor Code Chapter 410 dispute. *Nat'l Am. Ins. Co. v. Tex. Prop. & Cas. Ins. Guar. Ass'n for Paula Ins. Co.,* 2013 Tex. App. LEXIS 10865 (Tex. App.--Austin Aug. 28, 2013, no pet.). The 3rd Court, in allowing the declaratory action to proceed, explained that it was not a collateral attack on the prior judgment because: "the controversy underlying the Guaranty Association's declaratory judgment action concerns NAIC's rights vis-a-vis the Guaranty Association under section 410.033 of the Labor Code and the Guaranty Act. The declaratory judgment action regarding reimbursement thus involves the existence of a statutory right . . . ." Clearly, declaratory actions over statutory rights and the proper enforcement of those rights under the Labor Code and the Code of Criminal Procedure are allowed where, as here, a live controversy

exists and administrative remedies have been exhausted.

Further, the state agency is a necessary party when the authority of the state agency's actions and rules are questioned as violating the will of the Legislature. The DWC and the Commissioner being joined in this matter makes this declaratory action proper so as to be enforced against the DWC and the Commissioner to not violate the statutes. The Third Court previously explained:

> **The UDJA grants any litigant whose rights are affected by a statute the opportunity to obtain a declaration of those rights under the statute and requires that all relevant parties be joined in any declaratory judgment suit**. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.004, .006 (West 1997); City of Waco v. Texas Nat. Res. Comm'n, 83 S.W.3d 169, 179 (Tex. App.-Austin 2002, pet. denied) (UDJA claim not barred by sovereign immunity because UDJA serves to clarify rights already guaranteed by legislature). Therefore, **when the State is a necessary party to a statutory cause of action, such as a UDJA action for interpretation of a statute, sovereign immunity is expressly waived because, were the State not joined, the right to a declaration would have no practical effect.** See City of La Porte v. Barfield, 898 S.W.2d 288, 297 (Tex.1995) (construing Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex.1994)); see also Beacon Nat'l Ins. Co. v. Montemayor, 86 S.W.3d 260, 267 (Tex. App.--Austin 2002, no pet.) ("The UDJA waives [sovereign] immunity when a party seeks a court's construction of a statute or rule."); Star Houston v. Texas Dep't of Transp., 957 S.W.2d 102, 111 (Tex. App.--Austin 1997, pet. denied) (holding that sovereign immunity did not bar declaratory judgment determining whether agency has wrongfully construed a statute); City of Austin, 728 S.W.2d at 910-11 (holding UDJA action brought against government entity to determine scope of entity's authority not barred by sovereign immunity). **A UDJA action exists whether or not further relief can be obtained.** Leeper, 893 S.W.2d at 446. Thus, when a party brings a declaratory judgment action to interpret an agency's statutory authority, immunity from suit is waived by the UDJA. This does not mean, however, that immunity from damages is waived

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

except as to a declaration of the parties' rights and the potential award of attorney's fees. UDJA actions for statutory interpretation do not implicate the policy concerns of protecting the legislature's policy-making discretion and avoiding raids on the public treasury embodied in the sovereign immunity doctrine-rather, they serve to clarify the rules and requirements imposed by the legislature on the administrative agencies.

(Emphasis added.) *Texas Mun. Power Agency v. Public Utility Com'n,* 100 S.W.3d 510, 515-516 (Tex. App.--Austin 2003, *pet. denied*) (*cited to favorably by Texas Mun. Power Agency v. Public Utility Com'n of Texas,* 253 S.W.3d 184, 189 (Tex. 2007). Appellant does not seek damages from the DWC or the Commissioner, but to clarify and to enforce proper compliance with the statutory requirements on the administrative agency and its head official. This declaratory action is expressly in part for statutory interpretation and proper application to include whether the DWC, the Commissioner and the Insurance Carrier have ignored and failed to follow the statutory requirements under the law. The DWC should not be allowed to continue to improperly interpret and fail to enforce the Texas Insurance Code and the Texas Labor Code.

### 14. Declaratory Actions under the Texas Workers' Compensation Act

The initial challenge to the 1989 Texas Workers' Compensation Act in *Garcia*

was primarily a declaratory judgment action.[29]    The Texas Supreme Court reiterated as to the declaratory action against the then TWCC and the Executive Director looking at the terms and Constitutionality of the 1989 Act:[30]

> Standing, which is a necessary component of subject matter jurisdiction, requires a) a real controversy between the parties, which b) will be actually determined by the judicial declaration sought.

The DWC and the Commissioner's actions ignore the statutory requirements to be applied against insurance carriers and employers and in favor of workers and health care providers.

Appellant has exhausted all applicable administrative remedies under Chapter 410 of the Texas Labor Code.  A UDJA claim is *sui generis*; and, all other things being equal, the district court's subject matter jurisdiction over it exists independently of any administrative remedies. *Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970); *Cobb,* 190 S.W.2d *at* 713; see *Texas Mun. Power Agency v. Public Util. Comm'n*, 100 S.W.3d 510, 520 (Tex. App.--Austin 2003, *pet. denied*).   Even if the UDJA claims in this matter could not be brought independently, the claims certainly could be brought within the jurisdiction created by the administrative dispute.

---

[29] *Texas Workers' Compensation Commission v. Garcia, 893 S.W.2d 504, 517-518 (Tex. 1995).*
[30] *Garcia at* 513.

The Third Court of Appeals in *Mid-Century Insurance Company v. Texas Workers' Compensation Commission,* 187 S.W.3d 754 (Tex. App.—Austin 2006, *no pet.*), determined that a rule exceeded the statutory authority of the DWC and noted that:

> Mid-Century Insurance Company (Mid-Century) sought a declaration that this rule exceeds the Division's statutory powers and is thus invalid. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997).

*Id. at* 756. Without declaratory actions, the statutes could be ignored by the DWC and the Commissioner with enforcement only on a piece-meal basis by litigants who are able to challenge improper agency actions.

Whether the District Court, or any Court, ultimately rules in Appellant's favor or not—the District Court certainly can declare rights of the interested parties, a subclaimant for an injured worker, a health care provider, and an insurance carrier, directly affected by the applicable state agency and agency head, under the statutes as a matter of law especially where administrative remedies have been exhausted. *See Tex. Workers' Compensation Ins. Fund v. Tex. Workers' Compensation Comm'n,* 124 S.W.3d 813 (Tex. App.--Austin 2003, *pet. denied*).

Further, a suit under the UDJA is not confined to cases in which the parties have a cause of action apart from the Act itself. *Transportation Ins. Co. v. Franco,*

34

821 S.W.2d 751, 754 (Tex. App.--Amarillo 1992, *writ denied*) (determined jurisdiction under the declaratory judgment Act in the Potter County District Court to determine the validity of a compromise settlement agreement under the "old law" workers' compensation statute).

### 15. ENFORCABILITY:  UDJA is Especially Necessary where the DWC Refuses to Recognize Chapter 410 District Court Rulings as Legally Binding

The DWC's position on individual Chapter 410 judicial review cases is that mere district court reversals of a final DWC decision under Chapter 410 of the Texas Labor Code are not binding as to the DWC's interpretation even if it is improper as to any other case.   The DWC Appeals Panel has reiterated that:[31]

> that the decision of a [city 1] District Court had no effect "beyond its factual context" and did not bind the Texas Workers' Compensation Commission (Commission) as a matter of *stare decisis* in the Commission's interpretation of the 1989 Act.

This shows the Catch-22 that the DWC places all parties under that the DWC and Commissioner's disregard for a court decision beyond "its factual content" unless, as here, the DWC and Commissioner are made parties or intervene.   This matter is of significant public importance and concerns the very line drawn as to the entry into course and scope of employment by Texas peace officers.

---

[31] DWC APPEAL NO. 050140, 2005 TX Wrk. Comp. LEXIS 57 (decided March 14, 2005)

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

Only after the appellate decision upholding declaratory judgment in *Lumbermens*

become final did the DWC Appeals Panel follow the declaration:[32]

> Lumbermens Mutual Casualty Company filed suit against the Division seeking in part a declaratory judgment that the Advisories are inconsistent with *28 TEX. ADMIN. CODE § 130.1* (Rule 130.1) and that their issuance and application is outside the Division's statutory authority.
>
> The Advisories have been declared invalid and their application an *ultra vires* act. *Lumbermens, supra.* Therefore, the adoption of an IR that is based on the Advisories is legal error and must be reversed. Prior Appeals Panel decisions applying the Advisories to rate impairment for spinal fusion surgery have been overruled by the *Lumbermens* case.

The DWC will follow a declaratory judgment as to statutory rights and its prior

errors, but will not apply a District Court's reversal of a single workers'

compensation dispute decision beyond the single workers' compensation claim.

The DWC's own decisions signify why declaratory judgments are allowed and

clearly necessary in this matter.

Here are several more final DWC decisions from over the years refusing to follow

the law in District Court cases:

(1) DWC APPEAL NO. 94994, 1994 TX Wrk. Comp. LEXIS 6081, September 9,

1994: ". . . **nor is the Commission joined as a party.** The decision is without

---

[32] DWC Appeals Panel No. 071023-s, decided July 23, 2007, 2007 TX Wrk. Comp. LEXIS 54.

No. 05-15-00195-CV Dr. Vanderwerff Appellant's Brief

effect, therefore, beyond its factual context, **and certainly the Commission is not bound by such a general judgment of a district court,** through *stare decisis*, in its interpretation of the Section 409.021." (Emphasis added.)

(2) DWC APPEAL NO. 951802, 1995 TX Wrk. Comp. LEXIS 4964, December 13, 1995, emphasizing: "We do not consider the Appeals Panel bound by this district court opinion in a case involving other parties and in which the commission did not participate."

(3) DWC Appeal No. 990005, 1999 TX Wrk. Comp. LEXIS 3029, decided February 19, 1999: "The Appeals Panel **is not bound by a district court opinion in a case involving other parties and in which the Commission did not participate.** Texas Workers' Compensation Commission Appeal No 94994, decided September 9, 1994." (Emphasis added.)

Appellant is legally correct in making the DWC and the Commissioner a party to a proceeding in which legal determinations are sought to bind the DWC and the Commissioner. Again, here the DWC voluntarily intervened.

This underlying legal questions have not been declared and determined and are not yet up on appeal, but the declarations sought under the statutes are critical to resolving this matter.

### 16. Declaratory Judgment Prevents Continued Erroneous Statutory Interpretation by the DWC and the Commissioner

In the workers' compensation area, after final administrative decisions as here, both insurance carriers and injured workers' have sought declaratory rulings concerning the validity and applicability of the DWC and the Commissioner statutes and rules. *See Mid-Century, supra*; *Fulton v. Associated Indemnity Company,* 46 S.W.3d 364 (Tex. App—Austin 2002, *pet. denied*); *Houston General Insurance Co. v. Association Casualty Insurance Co.,* 977 S.W.2d 634 (Tex. App.—Tyler, *no pet.*). Venue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute. TEX. CIV. PRAC. & REM. CODE §5.062(a); *Howell v. Texas Workers' Compensation Com'n,* 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, *pet. denied*). A declaratory judgment simply declares the rights, status, or other legal relations of the parties; and under Tex. Civ. Prac. & Rem. Code §37.003(a), (b), a trial court has the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and declaration has the "force and effect of a final judgment or decree". *Howell at* 432. Without the DWC and the Commissioner present, Appellant's pleadings and claims for relief would have little effect if not arguably result in an inability to be

enforced against the DWC and the Commissioner at all if in fact the DWC and the Commissioner are not a party.

## CONCLUSION

This Court should allow Dr. Vanderwerff to proceed with the declaratory judgment claim and keep as parties both the DWC and the Commissioner, in his official capacity. The jurisdiction exists due to the live controversy, exhaustion of administrative remedies, and the state agency and state official are necessary parties for proper enforceability of the statutes and to ensure proper compliance with statutory terms alleged to be violated. Otherwise only the few who continue to fight will have a chance for justice on a piece by piece basis. The purpose of the Declaratory Judgment Act is to make the laws clear to all affected and to make sure the laws are properly applied and not violated by the state agency and the head of the state agency. The Judiciary oversees the Executive Branch both to uphold its proper actions but to also makes sure the laws are properly applied and correctly interpreted.

**PRAYER**

Dr. Vanderwerff, Appellant, respectfully praysand ask that this Court should reverse the ruling of the District Court on the plea to the jurisdiction granted to the DWC, and not allow dismissal of the DWC and the Commissioner, and that this Court determine that the District Court has jurisdiction to determine the declaratory judgment matters sought by Appellant including against the DWC and the Commissioner. Appellant ask for all other relief to which he is entitled including costs of court.

Respectfully,

/s/ Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Of Counsel, Law Offices of Richard Pena, P.C.
Richard Pena
Law Offices of Richard Pena, P.C
State Bar No. 00000073
1701 Directors Blvd., Suite 110
Austin, Texas 78744
Brad.McClellan@yahoo.com
(512) 327-6884 telephone
(512) 327-8354 facsimile
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that I have 9,285 word count checked by the word program in compliance with the Texas Rules of Appellate Procedure.

*Brad McClellan*
_____
Bradley Dean McClellan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellants' Brief was served on the through counsel of record by the method indicated below on May 26, 2015.

DOUGLAS D. GEYSER,  Assistant Solicitor General          *Via efiling/eservice*
ADRIENNE BUTCHER,  Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2540
Fax: (512) 474-2697
douglas.geyser@texasattorneygeneral.gov
Attorneys for DWC and Commissioner

James M. Loughlin                                          *Via efiling/eservice*
Stone Loughlin & Swanson, LLP
P.O. Box 3011
Austin, Texas 78755
Facsimile: (512) 343-1385
jloughlin@slsaustin.com
Counsel for Defendant Travelers

/s/ Brad McClellan
Bradley Dean McClellan